15657.    HOBBS *et al. v.* TINDOL, sheriff, for use, etc.

1. Where, under a forthcoming bond, a claimant procures the possession of the property levied upon, and the property is found subject, an action upon the bond is maintainable without an advertisement of the property for sale and without proving that any personal demand therefor was made before suit, if the claimant has disposed of the property so that he could not have produced it had a demand been made therefor either in person or constructively by the sheriff's advertising the property for sale. The evidence in this case demanded a finding that the bond had been breached, and the court did not err in refusing a written request to charge which would have submitted that question to the jury.

2. Where personal property is levied upon under any judicial process, and a forthcoming bond for it is given, the measure of damages to be

39

recovered upon the bond in case of a breach is the value of the property *at the time of its delivery to the claimant under the bond,* with interest thereon, not exceeding the amount of the execution. The request to charge upon the subject of damage was not in accordance with this rule, and was properly refused.

3. In the trial of an action upon a forthcoming bond it was not error to charge the jury that the fact that the claimant executed the statutory bond in double the value of the property levied upon could be considered by the jury as a circumstance, together with all the other evidence, in determining the value of the property at the time the claimant acquired possession thereof under the bond.

DECIDED AUGUST 13, 1924.

Action upon bond; from city court of Dublin—J. E. Burch, judge pro hac vice. April 21, 1924.

*S. P. New,* for plaintiffs in error.

*Blackshear & Harrell,* contra.

BELL, J. This was a suit upon a forthcoming bond in a claim case, after the property had been found subject to the fi. fa. There was no advertisement of the property for sale. The plaintiff contended that the bond had been breached because a demand for delivery of the property was made and refused, and also because by a sale of the property the defendants had placed it beyond their control. The defendants took issue upon both propositions. With respect to the disposition of the property they contended that, while it was true that it had been disposed of by the claimant, it was sold by him with the condition that he should have the right to reclaim it of his vendee and to deliver it to the sheriff in the event it should be advertised for sale or demanded. The trial resulted in a verdict in favor of the plaintiff, and the defendants excepted to the overruling of their motion for a new trial.

1. Error is assigned upon the refusal of a written request to charge as follows: "If you believe that when the defendant I. O. Hobbs sold and disposed of the automobile in question that it was a part of the contract of sale that Hobbs should have the right to deliver said car to the sheriff in the event it should be advertised by him for sale, or demanded, and if in that connection you also believe that the defendant I. O. Hobbs, or the other defendant, by option or otherwise, still had their right to deliver the property to the sheriff, then such a sale or disposition would not be a breach of the bond." I. O. Hobbs, the claimant and the principal in the bond sued on, testified that he traded the car to a Mr. Johnson,

a resident of Dublin, before the suit was filed, but that it was traded with the understanding that the claimant would have the right "to produce it subject to any advertisement or demand. . . Johnson traded the car and it finally got in the hands of one Wilson, who has it here in Dublin now." O. D. Barron, the surety in the bond, who appears to have held the property at one time under the defendant in fi. fa., testified that he had traded it to Hobbs, reserving the title, and that Hobbs traded it subject to its production under the terms of the bond.

It would seem that proof that the claimant had sold the property would establish a breach of the bond, unless the claimant should show not merely that he retained the *right* to repossess it if called for by the officer for sale, but that he had the *power* to do so. But assuming that the sale or transaction between Hobbs and Johnson, in which the title to the car appeared to pass subject only to the right of the claimant to repossess it if necessary to produce it under the terms of the bond, would not, without more, have amounted to a breach of the bond, the claimant, on admitting the sale to Johnson, had the burden of showing that his control of the property was retained not only while it was in the hands of Johnson, but while it was in the possession of Wilson as well. He failed to show that the holding of Wilson was subject to such a condition. Civil Code (1910), § 3318. Thus it conclusively appears from the evidence that the claimant had placed the property beyond his control and could not have produced it in case the officer had demanded it. There was an issue as to whether any demand was made, but, it being established, as a matter of law, that the bond had been breached, irrespective of demand or advertisement, there was no issue to submit to the jury on that question, and the court did not err in refusing the request. *Spence* v. *Coney,* 97 *Ga.* 441 (25 S. E. 316). Any opinions given by the defendants as witnesses that the property remained subject to the claimant's control were not supported by the facts stated. See *Quitman Oil Co.* v. *Peacock,* 14 *Ga. App.* 550 (3) (81 S. E. 908); *Welch* v. *Stipe,* 95 *Ga.* 762 (22 S. E. 670).

It is true that it does not appear whether Wilson procured the automobile from Johnson before or after the suit was brought, but the rule is here applicable that the testimony of a party who offers himself as a witness in his own behalf is to be construed most

strongly against him, when it is self-contradictory, vague, or equivocal. *Shepard* v. *Chappell,* 29 *Ga. App.* 6 (2) (113 S. E. 23). The uncertainty as to whether the property went into the hands of Wilson before or after the suit, and, therefore, as to whether or not the bond had been breached before suit thereon, should, in view of the vague and equivocal character of this testimony, be resolved against the defendants, and construed to mean that the property passed out of the control of the claimant prior to the suit. The only testimony relating to the transaction between Johnson and Wilson was that of the claimant himself.

2. It is provided by the Civil Code, § 6043, that whenever personal property is levied upon under any judicial process from the courts of this State, and a forthcoming bond is given for the same, the measure of the damages to be recovered upon such bond shall be the value of the property *at the time of its delivery under the bond,* with interest thereon, not exceeding the amount due on the execution levied. The provisions of this section include actions upon forthcoming bonds in claim cases. The court refused a written request to charge which was designed to submit to the jury the question of the value of the property *at the date of the levy;* and the court was right in refusing it. The case is not altered by the fact that the error in the request may have been favorable to the plaintiff.

3. The claimant assigns error upon the following excerpt from the court's charge: "The mere fact that one gives a claim bond and executes the bond in double the value of the property levied upon, the alleged value of the property levied upon is not conclusive proof of the value of it, and it only goes to you for consideration as a circumstance together with all the other evidence in the case in determining what is the truth of this transaction." Where a levy is made upon property that is claimed by a third person, and such person shall desire the possession thereof, the sheriff or levying officer shall take bond with good security for a sum equal to double the value of the property levied upon, *to be estimated by the levying officer.* Civil Code (1910), § 5160. The claimant has no voice in fixing the amount of the bond, but it is not essential to his claim that a forthcoming bond be given. If he thinks the sheriff's valuation is not fair, he may leave the property in the sheriff's hands, and nevertheless prosecute his claim.

The sheriff is a sworn officer presumed to be impartial and to discharge his duty. He acts under duty in fixing the amount of the bond in double the value of the property. Assuming that his assessment of such value would not be prima facie evidence against the claimant, in a suit on the bond, it is at least a circumstance which may be considered by the jury in determining the value of the property at which the claimant shall be charged. It follows that the court did not err in giving the excerpt complained of. See Town of Ripton v. Brandon, 80 Vt. 234 (2) (67 Atl. 541).

This ruling is not in conflict with the decision in *Downs* v. *Berryman,* 24 *Ga. App.* 170 (100 S. E. 226). In that case the replevy bond which the defendant elected to make was in a trover case, and had to be in "double the amount sworn to" by *the opposite party at interest.* In such a case the plaintiff has not the liberty in making or declining to make the replevy bond that the claimant has in electing to give or not to give a forthcoming bond in a claim case. Civil Code (1910), §§ 5152, 5154.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*