#### 21019. AKINS *et al.* v. CRAIG *et al.*

BELL, J. 1. "Since the presumptions are always in favor of the verdict and judgment, and the burden is upon him who alleges error to show it, uncertainties or ambiguities in the answer to the writ of certiorari as made by the trial judge must be construed, if it can be reasonably done, so as to sustain rather than to destroy the verdict and judgment." *New Zealand Fire Ins. Co.* v. *Brewer, 29 Ga. App.* 773 (4) (116 S. E. 922); *Reese* v. *Miller, 33 Ga. App* 442 (4) (126 S. E. 904).

2. Accordingly, in the instant case the statement made by ·the juvenile-court judge in his answer to the writ of certiorari, to the effect that the evi-

dence set out in the petition for certiorari "was not all of the testimony presented to the court," in that "the reports of the probation officer are not incorporated in said testimony," should be construed as showing that such reports of the probation officer were duly introduced in evidence for the information of the court and the parties, if it be true, as contended by the plaintiffs in error, that these reports could not be considered by the trial judge unless so introduced.

3. The juvenile court of Richmond county having authority to appoint a probation officer, and to require him to make "investigation" and "to furnish to the court such information and assistance as the judge may require," in the case of any child which is about to be brought before the court for disposition, a report made by the probation officer in the discharge of such duty is not necessarily to be classed and disregarded as hearsay, but may be accepted by the court as at least some evidence of the facts stated therein. *Hobbs* v. *Tindol*, 32 *Ga. App.* 609 (3) (124 S. E. 112); *York* v. *Lowry*, 34 *Ga. App.* 389 (129 S. E. 793). Whether or not such a report should be formally introduced in evidence in order to be considered by the trial judge need not be decided in the present case, since there is nothing to indicate that the reports were not so introduced. Ga. L. 1915, p. 35, §§ 22, 26, 29.

4. The petition for certiorari contained no exception to the admission or consideration of any evidence by the trial judge, but, in effect, merely assigned error upon the general grounds that the judgment was contrary to law and the evidence and without evidence to support it, and amounted to an abuse of the discretion vested by law in the judge of the juvenile court in such cases. Under the evidence set forth in the petition for certiorari, as verified by the answer of the trial judge, and in view of the further statements contained in the answer, this court can not hold as a matter of law that the order and judgment complained of was not such as would "best conserve the welfare" of the children whose custody was the subject-matter of inquiry; nor, therefore, that the judge of the juvenile court abused his discretion in awarding the children respectively to the institutions named in his judgment. It follows that the judgment overruling the petition for certiorari can not be disturbed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 15, 1931.

*I. S. Peebles Jr., W. D. Lanier,* for plaintiffs in error.

*Henry G. Howard, George Hains, James S. Bussey Jr., Henry J. Heffernan,* contra.