## 30609. SPENCER v. THE STATE.

Jordan, Justice.

James Lee Spencer was indicted for murder, aggravated assault, and escape by the Grand Jury of Burke County, was tried before a jury and found guilty and sentenced to death for murder, and ten years each on the charges of aggravated assault and escape to run concurrently with each other. His case is before this court on appeal and for mandatory review of the death sentence imposed.

The state's evidence was as follows:

L. O. Beazley of the Richmond County Sheriff's Department, was transporting the appellant from Richmond County to the Georgia State Prison in Reidsville, Georgia on October 31, 1974. He picked the appellant up at the jail about 9:45 that morning and placed him in the back seat of the transfer vehicle. A heavy mesh wire separated the front seat of the car from the back. Then Beazley picked up his father-in-law, Lett Williams. The two men, along with the appellant as their passenger, were driving toward Millen, Georgia, when the radio dispatcher reported, "Chief, the passenger you've got is supposed to have a gun." At that point the appellant shot Beazley three times. Beazley slammed on the brakes and the car came to a halt. As Beazley was trying to unlatch the door, the appellant shot again, hitting him in the eye. Beazley managed to open the door for his father-in-law and crawl out into the street.

Several other witnesses were on the scene by this time. One of them, Robert Hickman, saw a man covered with blood lying to the right of the car and an elderly man standing near the trunk. In the back seat he saw a man later identified as the appellant who appeared to be trying to get out.

Leslie Padgett was traveling on the Millen Highway about 10:15 when he saw a car stopped in the right lane. An elderly man stood at the rear of the automobile calling for help. As Padgett was getting his pistol, he saw motion inside the car. Then the elderly man, Mr. Williams, ran around and put his head inside the car window. The appellant shot Williams in the head at point blank range.

Then the appellant kicked out the window glass and climbed outside. By this time a State Patrolman had arrived on the scene. He ordered the fleeing prisoner to halt, and when Spencer kept running, he fired.

It was later determined that Mr. Williams had died of a gunshot wound to the head. Deputy Beazley eventually recovered from his wounds, but suffered permanent blindness in his left eye.

There was evidence that Spencer had apparently planned his actions several days in advance. Thomas Yancey, a former inmate at the Richmond County Jail, testified that he and Spencer had discussed escaping. The day Spencer was to be transferred to Reidsville, Yancey saw him tie a pistol around his leg and then cover it with his sock. Yancey further testified that as Spencer passed him on the way out that morning he said, "this here [sic] is the day."

J. B. Dykes of the Richmond County Sheriff's Office testified that appellant had a handcuff key concealed in his mouth on the day of the escape attempt. The key was recovered when the appellant spit it into an officer's hand at an Augusta hospital. The handcuff key was admitted into evidence. Dykes testified that in his opinion the appellant was sane.

The defense presented no evidence.

1. In his first enumeration appellant asserts the trial court erred in overruling his motion challenging the constitutionality of the Georgia Death Penalty Statute (Code § 27-2534.1; Ga. L. 1973, pp. 159-172). This enumeration is without merit.

We note that this issue is again under review by the U. S. Supreme Court in *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974). We adhere to our established position on the constitutionality of the Act in the absence of any contrary ruling by the U. S. Supreme Court.

2. Appellant alleges that the trial court erred in overruling his special plea of insanity.

On January 6, 1975, the day of trial, the appellant filed a "pro se" special plea of insanity. No notice had been given to the trial court or the defense counsel. Following a hearing on January 7, 1975, the jury returned a judgment against the special plea.

The appellant contends that the trial court erred by charging in part that "the burden of proof is upon James Lee Spencer to prove his case by what is known as a preponderance of the evidence."

When defense counsel was requested by the court to represent the appellant he told the court that he felt the motion was "inappropriate." The court ordered a psychiatric examination for the appellant before continuing with the trial.

At the hearing on the appellant's special plea of insanity, Dr. Hervey M. Cleckley, an Augusta psychiatrist, who had examined the appellant in his office the previous day testified that appellant complained of a loss of memory, but after examining him "My impression was that he was malingering, that he was assuming the loss of memory, and I was not convinced that it was that gross loss of memory he claimed." In Dr. Cleckley's opinion, Spencer understood the charges against him and was capable of consulting with counsel in his defense. The doctor felt that Spencer's claimed amnesia could be the result of his having to face trial.

Mr. J. R. Adair of the Richmond County Sheriff's Department, testified that he had talked with Spencer 12 or 15 times since October 31. Adair said that appellant was well oriented each time he talked with him and that his responses were "very precise." In Adair's opinion, Spencer was "very much sane the last time he had talked with him."

The instruction attacked was not in error. *Coker v. State,* 234 Ga. 555, 560 (216 SE2d 782) (1975). The psychiatrist's testimony coupled with that of the lay witness was sufficient to support the judgment of the jury against the special plea. In addition the fact that the appellant was able to plead "pro se" and his counsel's evaluation of the merits of the plea add strength to the correctness of the judgment.

Enumeration 2 is without merit.

3. Appellant next asserts that certain jurors were excused as "having conscientious scruples against the death penalty."

During the voir dire, three prospective jurors were excused because of their opposition to the death penalty.

All three indicated by their testimony that they were unalterably opposed to the death penalty under all circumstances. We find no violation of the standards set forth in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1967).

4. Appellant next alleges the trial court erred in allowing certain testimony over objections which will be considered seriatim.

(a) Evidence that was taken from appellant after the state was aware he had counsel, namely a handmade handcuff key concealed in his mouth on the day of the escape attempt. Appellant spit it into the sheriff's hand at the hospital on the day of the murder. The law does not forbid all contact between a defendant and law enforcement officers after he has obtained counsel unless counsel is notified or is present. *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975); *Sanders v. State,* 235 Ga. 425 (219 SE2d 768) (1975); *Strong v. State,* 231 Ga. 514 (202 SE2d 428) (1973).

(b) Testimony that indicated the appellant's status as a prisoner. The facts surrounding the murder necessarily indicated that the appellant was a prisoner and one charge was escape indicating confinement. Evidence, if otherwise admissible, does not become inadmissible because it incidentally put the appellant's character in issue. *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744) (1962), cert. den. 375 U. S. 960 (1963).

(c) Testimony of J. B. Dukes, a layman, concerning appellant's mental condition. A lay witness can give opinion testimony as long as he gives sufficient facts to form the basis of his opinion. Code Ann. § 38-1708.

(d) Testimony of J. Bryan Dawson concerning the number of times he had made firearms identification. The witness was presented as an expert witness. The question of the number of times he had made firearms identification was proper to establish the degree of expertise of the witness. It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or profession as to entitle him to be deemed prima facie an expert. *Barrow v. State,* 235 Ga. 635 (221 SE2d 416) (1975); *Glover v. State,* 129 Ga. 717 (9) (59 SE 816) (1907);

*Merrill v. State,* 130 Ga. App. 745 (5) (204 SE2d 632) (1974).

These allegations are without merit.

5. There was no error in charging that, "I charge you that when the state's evidence shows the commission of a homicide by the accused by the use of a deadly weapon, the law presumes murder." *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976); *Tennon v. State,* 235 Ga. 594 (220 SE2d 914) (1975); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973). *Jordon v. State,* 232 Ga. 749, 754 (5) (208 SE2d 840) (1974) has no application here because the state's evidence showed no mitigating circumstances, justification, or alleviation. Neither is there any application of In re Winship, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 368) (1970) or Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975) because that case established only "that the due process clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." No issue is presented by the evidence here that is contrary to an intent to kill on the part of the appellant.

6. Appellant alleges the trial court improperly charged that the jury should reconcile, if possible, any testimony in conflict.

Appellant concedes that the charge was correct as a general and abstract principle of law, but claims that the charge is error where the defense presents no evidence. On the contrary we believe it would be a rare case indeed when there was no conflict in the testimony where more than one witness testified. Conflicts must be resolved, no matter on which side they arise.

7. Appellant alleges the trial court erred in impliedly conveying to the jury that the murder occurred while appellant was in the commission of an unlawful act.

In each instance pointed to by appellant the trial court stated "If you believe" or "before you would be authorized to find . . . you must find and believe beyond a reasonable doubt." The trial court did not take the issue away from the jury.

8. Appellant alleges that the trial court erred in failing to charge on the law of voluntary manslaughter.

Before a charge of voluntary manslaughter is required there must be at least some evidence to support the charge. *Williams v. State,* 232 Ga. 203, 204 (206 SE2d 37) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974). In our view of the evidence in this case there was no showing of any "sudden, violent and irresistible passion resulting from serious provocation" (Code Ann. § 26-1102) so as to authorize a charge on voluntary manslaughter.

## Sentence Review

In our sentence review we have considered the aggravating circumstances found by the jury and the evidence concerning the crime introduced in court.

We have reviewed the sentence as required by Ga. L. 1973, p. 159, et seq. (Code Ann. § 27-2537 (c) (1-3)), as we did in *Coley v. State,* 231 Ga. 829 (204 SE2d 612) (1974), and in each subsequent case involving the death penalty under this statute. We conclude that the sentence of death imposed here was not imposed under the influence of passion, prejudice, or any other arbitrary factor. The evidence supports the jury's finding of the following statutory aggravating circumstances.

1. The offense of murder was committed by a person with a prior record of conviction for a capital felony. (Code Ann. § 27-2534.1 (b) (1)). There was evidence before the jury that the appellant had criminal convictions for rape, a capital felony, for two cases of assault with intent to rape, for two cases of kidnapping, for assault with intent to murder, for five cases of robbery and two cases of larceny of an automobile.

2. The murder was committed for the purpose of avoiding the custody in a place of lawful confinement. (Code Ann. § 27-2534.1 (b) (10)). Evidence was before the jury of a two-year sentence for attempted escape. The evidence in the case indicated a well-planned escape, the execution of which resulted in murder and aggravated assault.

3. The offense of murder was committed by a person in the lawful custody of a police officer. (Code Ann. § 27-2534.1 (b) (9)). The evidence is clear that the appellant was in custody of a police officer, although disabled by appellant's shots, at the time of the murder.

We have compared the evidence and sentence in this case with similar cases contained in the appendix attached to this opinion. James Lee Spencer's sentence to death for murder is not excessive or disproportionate to the penalty imposed in similar cases considering both the crime and the defendant.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JANUARY 13, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED APRIL 27, 1976.

*John H. Ruffin, Jr.,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.

APPENDIX.

Similar cases considered by the court: *Johnson v. State,* 226 Ga. 378 (174 SE2d 902) (1970); *Callahan v. State,* 229 Ga. 737 (194 SE2d 431) (1972); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973); *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973); *Ross v. State,* 233 Ga. 361 (211 SE2d 356) (1974).