## 54460. THOMAS v. THE STATE.

MCMURRAY, Judge.

Defendant pleaded nolo contendere to a charge of possession of a controlled substance (heroin), and a sentence was imposed of three years to be served on probation. Thereafter, the defendant was arrested on a charge of possession of marijuana and phencyclidine and also of selling marijuana. A revocation of probation hearing was then heard and his probation was revoked, and he was sentenced to serve the remainder of the probated sentence within the confines of the penitentiary. Defendant appeals. *Held:*

The enumeration of error concerns the revocation order as error, the refusal of the court to suppress the evidence as to the contraband and money involved in the latest charges against him which form the basis for his revocation of probation, and the sufficiency of the legally admissible evidence at that hearing. Accordingly, all of these enumerations of error will be considered together. Only slight evidence is required to support a finding of a violation of the terms of probation and revocation of a sentence being served on probation. *Hubbard v. State,* 139

Ga. App. 336 (2) (228 SE2d 362) and cits.; *Harper v. State,* 130 Ga. App. 545 (203 SE2d 866); *Dickerson v. State,* 136 Ga. App. 885, 886 (222 SE2d 649).

The evidence before the court at the revocation hearing was as follows: A detective (Griffin) had received information from an informant that he might be making a drug purchase from one Gregory Thomas (not the defendant), and the informant received $100 in marked bills from the detective to make this purchase. The informant did meet Thomas in Phenix City, Alabama, followed Thomas back to the First National Bank in Columbus on Cusseta Road, where informant did park and wait for Thomas to pick up the marijuana and return. Griffin testified he gave the informant the $100, but did not see the informant ever give Thomas any money. Griffin and another detective followed Thomas after he left the bank parking lot supposedly to pick up the marijuana. Thomas went to an apartment complex on Mellon Street. Thomas then exited the apartment carrying a white plastic bag along with the defendant herein, James Edward Thomas. They each got in separate cars. Both were separately stopped on suspicion of having marijuana. Gregory Thomas was apprehended with marijuana in his car. Defendant was stopped and searched, and Griffin found the $100 in marked bills which he had given the informant earlier that day, as well as a key to the apartment at Mellon Street.

A search warrant for the premises of apartment 8, Andover Arms Apartments, 423 Mellon Street in Muscogee County, Georgia was then obtained. When these premises were searched a quantity of marijuana and phencyclidine was discovered, and the resulting charges were placed against the defendant.

Even if the marijuana and phencyclidine obtained from defendant's apartment be suppressed, the evidence involves the $100 given an informant to purchase drugs and thereafter Gregory Thomas was seen in the vicinity of the defendant's apartment and when searched was found with marijuana on him and the defendant was searched and found with the $100 which had been given to the informant earlier that day. This evidence was sufficient to revoke the probation of the defendant.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 20, 1977 — DECIDED OCTOBER 13, 1977.

*Grogan, Jones, Layfield & Swearingen, Ben B. Philips,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney,* for appellee.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*