## 55099. SMITH v. THE STATE.

BANKE, Judge.

The defendant was serving a 12-month probated sentence for violation of the Georgia Controlled Substances Act. His probation was revoked for selling $20 worth of marijuana to a GBI agent. He now appeals the revocation on the ground that the state failed to prove by competent evidence that the substance sold was marijuana.

The GBI agent testified that he turned the alleged marijuana over to the state crime lab for analysis. However, the test results were not admitted into evidence, and the trial judge ruled testimony regarding the test findings inadmissible. The trial judge then qualified the agent as an expert on marijuana identification. The agent testified that, in his opinion, the leafy green substance sold him by defendant was marijuana. The defendant denied selling any substance to the agent and presented alibi witnesses who testified that the defendant was with them at the time of the alleged sale and that no sale was made.

1. The trial judge is the sole trier of fact at a revocation of probation hearing. See *Turner v. State;* 119 Ga. App. 117 (166 SE2d 582) (1969). He found that the defendant had made the sale to the agent, and we find no abuse of discretion.

2. The testimony of the GBI agent identifying the substance sold him by the defendant as marijuana was sufficient to authorize revocation of the defendant's probation. See *Barnum v. State,* 111 Ga. App. 620 (3) (142 SE2d 387) (1965) (arresting officer's testimony sufficient to authorize revocation). See generally *C. A. J. v. State of Ga.,* 127 Ga. App. 813 (4) (195 SE2d 225) (1973); *Fuqua v. State,* 142 Ga. App. 632 (4,5) (236 SE2d 685) (1977).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 4, 1978 — DECIDED JANUARY 26, 1978.

*Jerry L. Lifsey, Dean B. Donehoo,* for appellant.

632

*Charles A. Pannell, Jr., District Attorney, William W. Keith, III,* for appellee.