## 57894. COLLINS v. THE STATE.

BANKE, Judge.

The defendant appeals an order revoking his probation, previously imposed in lieu of a penitentiary sentence for burglary. The revocation was predicated on two grounds, the first that he had failed "to abide by the rules at the Athens Diversion Center," and the second that he had been found in possession of marijuana. The defendant contends that the first ground lacked sufficient specificity and that the second ground was not adequately proved. *Held:*

1. The record in this case is somewhat confusing in that it is difficult to follow the procedure used to effect the revocation. We suggest the use of the Probation Operations Manual published by the Department of Offender Rehabilitation and the forms provided by that department for use in revocation proceedings. We have

found these comport with existing law and simplify the revocation procedure.

2. Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing. Gagnon v. Scarpelli, 411 U. S. 778 (1972). The broad allegation that the defendant violated "the rules at the Athens Diversion Center," without any specification of which rules were violated, was insufficient to allow him to prepare an adequate defense to that charge. We thus hold that this allegation did not constitute a sufficient notice of a probation violation. However, in view of the result reached in Division 3 of this opinion, the deficiency was harmless.

3. The defendant's claim that the marijuana possession charge was not proven is based on the state's failure to present expert testimony showing that the substance seized from him was in fact marijuana. However, there was testimony from a correctional officer familiar with the drug that the substance appeared to be marijuana, and the defendant himself admitted that it was marijuana. The standard of proof required for a probation revocation is less than that required for a conviction, and slight evidence will support a finding of a probation violation. *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977). The evidence in this case was adequate to authorize the revocation of the defendant's probation for possession of marijuana in violation of state law.

4. We have examined the remaining enumerations of error and have found them to be without merit.

*Judgment affirmed. Underwood, J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED MAY 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*W. B. Bradley,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.