## 58711. JONES v. THE STATE.

SOGNIER, Judge.

On April 20, 1979 Jones was convicted of wrongful possession of marijuana and was sentenced to 12 months probated confinement. On May 10, 1979 a warrant for his arrest was issued alleging that he violated his probation

by cultivating marijuana with the intent to sell marijuana. After a hearing in the Superior Court of Oglethorpe County Jones' probation was revoked and he appeals, contending there was no evidence to support a finding of probation violation. We disagree.

The Sheriff of Greene County testified that on May 10, 1979 information was received that some marijuana was being grown in Greene County or Taliaferro County. The sheriff and one of his deputies went to an old house in Taliaferro County and followed a trail that went toward Greene County. Three men approached, one of whom was Jones. When the three men reached the sheriff he said, "Fellows, let's turn around and go back to where you came from. I have information that you have something growing." The three men obeyed the sheriff's orders "and took us right on back to the patch," where the sheriff found 400 marijuana plants.

It is well established that only slight evidence is necessary to support a finding of a violation of probation. *Thomas v. State,* 143 Ga. App. 521 (239 SE2d 205) (1977) and cits. "The judge is the trier of facts. He has a very wide discretion . . . only 'slight evidence' is required to authorize revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion." *Harper v. State,* 146 Ga. App. 337, 338 (246 SE2d 391) (1978). We find no abuse of discretion in this case.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 16, 1979 — DECIDED FEBRUARY 12, 1980.

*Guy B. Scott, Jr., J. T. Middlebrooks,* for appellant.
*Cleve Miller, District Attorney,* for appellee.