## 60922. HICKS v. THE STATE.

DEEN, Presiding Judge.

1. In an alleged consent search the burden is on the state to establish that the consent was voluntarily given and not the result of duress or coercion. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *Code v. State,* 234 Ga. 90, 93 (214 SE2d 873) (1975). The defendant here signed a consent to search. On a hearing on the motion to suppress based on the contention that the signature was forced, Hicks took the stand and testified that the only reason he signed the consent form just prior to the search was because the officers told him that if he did not sign it they would go and get a search warrant and "I was saving them time. I know they would come back . . . Q. That's your basis for saying that it wasn't freely and voluntarily given because they told you they would get one anyway, is that right? A. Yes." The facts are very close to those in *Merrill v. State,* 130 Ga. App. 745, 751 (4) (204 SE2d 632) (1974). The defendant was not under arrest, his testimony substantially corresponded with that of the officer obtaining the consent signature, and no facts supporting a determination of overreaching on the part of the police were offered. Accordingly, the motion was properly denied.

2. The ensuing search of the defendant's trailer netted something described as a small clump of brown material in a sock in a dresser drawer. The officer conducting the search undertook to identify this material and first stated that he concluded it was suspected hashish, but, asked to repeat his answer, then said simply "hashish." He delivered the entire clump to the State Crime Laboratory approximately a month prior to this hearing, and so far no report has been received.

In reply to objections that the officer was not qualified to identify the clump of brown material he further testified that he was a detective, had been with the Carrollton Police Department for seven years and had seen three or four dozen hashish and marijuana cases. He stated further that he also had those substances analyzed. The issue of whether or not a witness is an expert within the purview of Code § 38-1710 so as to allow his conclusory statement of the identity of a substance is largely within the discretion of the trial court ( *Redd v. State,* 240 Ga. 753 (2) (243 SE2d 16) (1978)). On appeal the question is whether the trial judge abused his discretion. *Stancil v. State,* 155 Ga. App. 731 (1980). Here there was no testimony offered as to what the material looked like, whether it was a resin or a twig, leaf, sponge or paint, why it was first referred to as "suspected hashish" and what in the officer's experience caused him to conclude that the substance was in fact hashish. *Collins v. State,* 151 Ga. App. 116 (258 SE2d 769) (1979) has been cited to us but in that case the defendant admitted that the substance involved was marijuana. *Smith v. State,* 144 Ga. App. 631 (241 SE2d 499) (1978) involved a sale of marijuana and included other circumstances than mere identification of the material by the arresting officer. The witness here, while he established himself as an experienced law enforcement officer, made no attempt to claim any expertise in the field of drug identification or to show any training in that area other than the 36 to 48 cases that he had seen or handled and had analyzed. Practical experience is not always necessary. See 6 ALR3rd, 1357. But knowledge acquired by doing is equally as valuable as that acquired by study. Grayson v. Lynch, 163 U. S. 468. The court on facts stated may find the witness qualified as an expert although he disclaims expert knowledge. *Glover v. State,* 129 Ga. 717 (9) (59 SE 816). See Code § 38-1710. And the qualification is sometimes presumed, as on a doctor's testimony with regard to the effect of a wound. *Von Pollnitz v. State,* 92 Ga. 16 (3) (18 SE 301). Generally, however, his qualifications must first be proved. *Adams v. State,* 95 Ga. App. 295 (4) (97 SE2d 711). His qualification is for the court. *Clary v. State,* 8 Ga. App. 92 (2) (68 SE 615). We accordingly find his conclusory evidence sufficient to support the revocation of the seven year probated sentence in this case. Slight evidence is all that is necessary as to probation revocation cases.

3. The petition for revocation also charged a violation of law in that the defendant committed a simple battery on a police officer. As the police officer approached the defendant, who was seated in an automobile, the latter, recognizing him, kicked open the car door and fled. The door struck the officer and knocked him down. The evidence is in conflict as to whether this was an accident or was

intentionally committed to cause harm to another, a simple battery under Code § 26-1304. The probation revocation complaint alleges both battery and possession of drugs as grounds for revocation of the sentence, and the court decided both issues against the defendant. The evidence is sufficient to support the revocation on both questions.

*Judgment affirmed. Quillian, C. J., Banke, Birdsong and Pope, JJ., concur. McMurray, P. J., and Shulman, P. J., concur in the judgment only. Carley and Sognier, JJ., dissent.*

DECIDED JANUARY 9, 1981.

*Gerald P. Word,* for appellant.

*William F. Lee, Jr., District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.

SOGNIER, Judge, dissenting.

1. I respectfully dissent from Division 2 of the majority opinion. I agree that one who makes no claim to be an expert is not disqualified from expressing an opinion if the court finds him to be an expert, or possessing expertise or special knowledge, in certain fields. Code Ann. § 38-1708; *Glover v. State,* 129 Ga. 717, 724 (9) (59 SE 816) (1907); *Thornton v. Gaillard,* 111 Ga. App. 371, 372 (2) (141 SE2d 771) (1965).

One who qualifies as an expert does so on the basis of his training, education and experience. Once his qualifications are established, an expert need not give the facts upon which his opinion is based. *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845, 847 (2) (140 SE2d 109) (1964). However, a non-expert (lay) witness can only give opinion testimony when he gives sufficient facts to show the basis of his opinion. Code Ann. § 38-1708; *Spencer v. State,* 236 Ga. 697, 700 (4) (c) (224 SE2d 910) (1976). This is the fundamental difference between the opinions of experts and lay witnesses.

In the instant case no foundation was laid to support a finding that the police officer was an expert in *identifying* hashish or that he was a narcotics expert, although such a determination rests primarily in the sound discretion of the court. *Rouse v. Fussell,* 106 Ga. App. 259, 262 (126 SE2d 830) (1962). If he was a non-expert, the facts upon which his opinion or conclusion was based were not stated, and thus his opinion that the clump of brown material was "suspected hashish" (later changed to "hashish") was not admissible. *Spencer,* supra. Hence, I cannot agree that there was sufficient evidence to sustain the revocation of appellant's probation on this ground.

I am fully aware that only slight evidence is necessary to support revocation of probation, *Jones v. State,* 153 Ga. App. 411, 412 (265 SE2d 334) (1980), but in my opinion, we have *no* evidence to support the revocation of probation for possession of hashish.

2. I concur in Divisions 1 and 3 of the majority opinion.

I am authorized to state that Judge Carley joins in this dissent.