## 61639. ADAMS v. THE STATE.

QUILLIAN, Chief Judge.

On July 7, 1980, defendant was serving a probated sentence from a prior conviction of two counts of robbery. On that date he was indicted for "aggravated assault, and criminal damage to property." A probation hearing was held and he was charged with violating Conditions 1 and 3 of his probation: (1) "Do not violate the criminal laws of any governmental unit," and (3) "Avoid persons and places of disreputable or harmful character." He brings this appeal from the revocation of his probation. *Held:*

1. The petition for revocation of probation charged that on June 23, 1980, defendant was arrested and charged with "public drunk, aggravated assault, and criminal damage to property." Jerry Free testified that on June 23rd four "guys" came up to his mobile home at approximately 6 a.m. "They was [sic] drinking heavy." They asked for gas and after he said he had none, they asked for a cigarette. He gave them a package. They started to leave but "started hollering and cussing and throwing rocks and Coke bottles and shooting at the trailer." Two bullet holes were found in the mobile home. Mr. Free, his wife and children, and his sister-in-law were in the mobile home at that time.

The police arrived shortly after receiving a call from Mrs. Free. Two of defendant's companions were arrested in the car in front of Free's mobile home, and the defendant and another person were seen coming from the woods a short distance from Free's home. The defendant was arrested but his companion escaped into the woods. The police officer stated that the defendant was "extremely intoxicated" and threatened to kill him.

The defendant and his three companions testified as to their version of the events of that evening. Essentially it was admitted that the defendant had consumed two bottles of wine the evening before this happened at 6 a.m. The four individuals claimed to be on the way to "put up a fence," and the car was running out of gas. They stopped at Free's mobile home to get a can in which they could purchase some gas. They contended Free was upset about being awakened at 6 a.m. and being asked for gas and cigarettes and started shooting at them. They denied that they returned his fire. A pistol was found in their car but the witness stated he was only taking it along for target practice shooting.

It is well settled law that the quality and quantum of evidence necessary for revocation of probation is not that demanded for conviction of crime. *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37). It is not required that proof of the offense be beyond a reasonable

doubt — slight evidence is sufficient. *Bunn v. State,* 144 Ga. App. 879 (243 SE2d 105). The evidence presented, while circumstantial in part, was sufficient to satisfy the state's burden of proof applicable to probation revocation hearings. *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790); *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504); *Widner v. State,* 137 Ga. App. 244 (223 SE2d 278).

2. We need not reach defendant's remaining enumeration of error. Even if the search which revealed defendant's possession of a motorcycle with an altered serial number was illegal, the evidence cited above is sufficient to authorize the revocation of probation. *Christy v. State,* 134 Ga. App. 504 (215 SE2d 267); *Fuqua v. State,* 142 Ga. App. 632 (236 SE2d 685); *Thomas v. State,* 143 Ga. App. 521, 522 (239 SE2d 205).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 22, 1981 —
REHEARING DENIED MAY 14, 1981.

*Jane Kent-Plaginos,* for appellant.
*Jeff Wayne, District Attorney,* for appellee.