## 61678. MOBLEY v. THE STATE.

CARLEY, Judge.

Appellant was serving a probated sentence, conditioned upon his "go[ing] to and resid[ing] at the Gainesville Diversion Center for a period of not less than six (6) months, abiding by all rules and regulations." Subsequently a petition to revoke appellant's probation was filed, alleging that he had "[v]iolated special rules and conditions of Gainesville Diversion Center." A hearing on this petition was held and appellant's probation was revoked. He appeals.

In his only enumeration of error appellant contends that his probation was revoked "based solely on hearsay evidence." It is urged that the testimony of the senior counselor of the Center to the effect that appellant had violated its rules and conditions "is not direct evidence, because [it] was based upon his investigation and not his personal observation or knowledge." *Germany v. State,* 235 Ga. 836, 841 (221 SE2d 817) (1976). Pretermitting whether appellant's characterization of this witness' testimony as hearsay is correct (see *Akins v. Craig,* 43 Ga. App. 363, 364 (3) (158 SE 632) (1931)), the transcript demonstrates that, in "explanation" of his conduct, appellant himself admitted certain violations of the Center's rules and regulations. This evidence was sufficient to support the revocation of appellant's probation. *Corley v. State,* 154 Ga. App. 301 (268 SE2d 76) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 12, 1981.

*Lee Payne,* for appellant.
*J. W. Morgan, District Attorney, Michael Walker, Assistant District Attorney,* for appellee.