62550. BURSON v. THE STATE.

CARLEY, Judge.

Appellant pled guilty to a two-count burglary indictment. As to the first count appellant received a five-year probated sentence with the following special condition ordered by the court: "Enroll in and attend a drug alcohol treatment program at the direction of the probation office." As to the second count appellant received a five-year probated sentence with the following special condition ordered by the court: "Enroll in and complete a drug treatment program at direction of probation officer." Subsequently a petition to revoke appellant's probation was filed alleging that he had "violated the following terms and conditions of probation in the following particulars: SPECIAL CONDITION: 'Enroll in and attend a Drug/Alcohol Treatment Program at the direction of the Probation Officer.' Subject was discharged prior to the completion of the established treatment program of Mid-Step Drug/Alcohol Treatment Center of Tifton, Georgia on the 6th day of January, 1981,

for refusing to cooperate in the established treatment of said center." A hearing was held on the revocation petition and the trial court entered a final order revoking appellant's probation as to both sentences. Appellant appeals.

1. Citing *Collins v. State,* 151 Ga. App. 116 (258 SE2d 769) (1979), appellant urges that the revocation petition was insufficient notice of the claimed violation of his probation that was to be asserted by the state and that his motion to dismiss on this ground was erroneously denied. Due process requires that the petition for revocation should demonstrate "specificity as to alleged violations of the probation conditions . . ." *Ware v. State,* 137 Ga. App. 673, 675 (224 SE2d 873) (1976). We believe the allegations of probation violations contained in the instant petition comport with due process notice requirements and are distinguishable from those in *Collins.* In the instant case, unlike *Collins,* the petition notified appellant with a sufficient degree of specificity that he would face charges of violating the probationary conditions of enrollment in a treatment program because he had refused to cooperate in the established procedure of his authorized program resulting in his being discharged from that program on a specified day prior to completion of the program. See generally *Horton v. State,* 122 Ga. App. 106 (176 SE2d 287) (1970). The transcript demonstrates that appellant was well aware of the circumstances surrounding his discharge from the treatment program and presented his version of those events at the revocation hearing. Under these circumstances we cannot say appellant was denied his due process rights to notice of the alleged violations of his probation upon which the revocation was being sought. See *Wilson v. State,* 152 Ga. App. 695, 696 (2) (263 SE2d 691) (1979).

2. Appellant asserts that the revocation petition by its language alleged a violation of the probationary conditions of his sentence on the first count of burglary ("enroll in and attend" a treatment program) not the conditions of his sentence on the second count of burglary ("enroll and complete" the program). In short, appellant contends that the petition alleged only a violation of his probationary condition as to the sentence for first count of burglary and the trial court erred in revoking his probation as to the sentence for the second count. See *Kendrick v. State,* 125 Ga. App. 326 (187 SE2d 580) (1972); *Radcliff v. State,* 134 Ga. App. 244 (214 SE2d 179) (1975). Appellant also asserts that the evidence was insufficient to authorize the revocation of his probated sentence for either count.

We find appellant's argument meritless. The petition clearly gave specific notice to appellant that revocation of *both* probated sentences for both counts of burglary would be sought based upon the same alleged conduct. The petition not only alleged that appellant

had violated the specific probationary condition that he "[e]nroll in and *attend*" a treatment program, it also further alleged by way of probationary violation that appellant had been discharged from the program "prior to [its] *completion.*" (Emphasis supplied.) Under these circumstances we cannot hold that appellant did not have notice that a revocation of his probation as to both sentences would be sought under the petition based upon the single allegation that he had prematurely and without authority removed himself by his own conduct from the treatment program. See *Wilson v. State,* 152 Ga. App. 695, supra. As to the sufficiency of the evidence, pretermitting whether appellant had to "attend" or to "complete" a treatment program as a special condition of his probation, it is clear that both sentences contemplated as a special condition of probation that at the minimum appellant be *enrolled* in such a program as he had been directed to attend and complete by his probation officer. The evidence supports a finding that after January 6, 1981, appellant was, because of his own actions and without authority from his probation officer, no longer enrolled in that treatment program he had been directed to attend and complete as the condition for his probated sentences. This unauthorized failure to be enrolled in the designated six-month treatment program was a violation of a condition of both of his probated sentences and would authorize the revocation of probation under both. Cf. *Simmons v. State,* 156 Ga. App. 336 (274 SE2d 726) (1980). Despite appellant's assertion that the testimony concerning his "discharge" from the program was hearsay, the evidence supports the revocation. See generally *Mobley v. State,* 158 Ga. App. 508 (281 SE2d 277) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 7, 1982 —
REHEARING DENIED JANUARY 28, 1982 —

*Robert H. Sullivan,* for appellant.

*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.