## 64411. RUSSELL v. THE STATE.

BIRDSONG, Judge.

Bobby Lee Russell was convicted of burglary and sentenced to serve four years. He brings this appeal enumerating three alleged errors. *Held:*

The facts show that on April 12, 1981, police officers in LaGrange were making a routine patrol. They observed the exterior of the building housing the LaGrange Service Center, a social service center, at about 2:00 a.m. The doors to the building at that time were intact. At about 4:30 a.m. on the next tour by the building, the officers observed that a glass panel had been broken out and the door was no longer secure. The officers radioed the apparent break-in to appropriate authorities and requested assistance. About two minutes later, a second car appeared. This patrol car contained as a passenger in custody, the appellant Russell. Russell had been seen coming

across a field from the direction of the LaGrange Service Center which was visible to the apprehending officer and was only about a half a block from where Russell was apprehended. Russell was turned over to the officers in the first police car who took Russell to jail and booked him for public drunkenness. Subsequently fingerprints were removed from a deadbolt lock on the inside of the door in which the pane had been broken. These fingerprints proved to be those of the appellant Russell. Russell denied ever having been inside the LaGrange Service Center building and made no effort to account for the presence of his fingerprints on the deadbolt.

1. Appellant enumerates as an alleged error, the failure of the trial court to grant a motion for a directed verdict of not guilty. He argues in substance that there is no proof that the fingerprints were impressed only at the time of the burglary and that mere presence near the scene of a crime is insufficient to support a finding of guilt.

We have no disagreement with either of these two contentions. However, these two facts do not stand in isolation. In this case appellant was seen moving away from the scene of the burglary near the time of its occurrence and his fingerprints were found on the inside of the door on the security bolt locking the door. In reviewing the overruling of a motion for a finding of not guilty, the proper standard to be utilized by the appellate court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). There was no error under the facts of this case in the denial of appellant's motion for finding of not guilty.

2. Appellant also argues that it was error for the trial court to allow testimony that Russell had been arrested and booked for public drunkenness. We find no error in this testimony. The underlying facts of appellant's arrest tended to explain why he was in police custody, that he originally was not a suspect in the burglary and that his close proximity to the burglary site was not the sole reason for his arrest. This evidence was admissible to explain not only appellant's presence at the scene, but to identify him as a potential burglar and to explain the conduct of the arresting officers. For any of these reasons the evidence was admissible. The mere fact that it also tended to introduce evidence of other uncharged misconduct was incidental to the arrest and was not harmful. See *Spencer v. State,* 236 Ga. 697, 700 (224 SE2d 910); *Garrett v. State,* 147 Ga. App. 666, 671 (250 SE2d 1).

3. In his last enumeration of error, appellant asserts error in the denial of his motion for new trial based upon the general grounds. This enumeration lacks any substantial merit. We find that the evidence viewed in the light most favorable to the verdict supports a finding by a rational trier of fact of all the essential elements of the crime charged beyond a reasonable doubt. *Baldwin v. State,*

153 Ga. App. 35, 37 (264 SE2d 528).
*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 17, 1982 —
REHEARING DENIED OCTOBER 4, 1982.

*E. Earl Seals,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.