66126, 66127. CALDWELL v. THE STATE (two cases).

McMURRAY, Presiding Judge.
These two cases involve revocation of probation as to the defendant with reference to two separate offenses of burglary and terroristic threats. The defendant entered a plea of guilty as to both of these offenses, was thereafter sentenced and given leave to serve the sentences on probation under certain conditions.

The trial court, after a hearing in which it was determined that there was evidence that the defendant had violated several criminal statutes involving the unlawful holding of a person against his will (kidnapping), had made an assault upon that person and had deprived him of certain property, declared the defendant had violated the express terms and conditions of his probation and revoked the probation in both of these cases, remanding him to the custody of the Department of Offender Rehabilitation for the

"execution of the balance of said sentences." Defendant appeals.
*Held:*

Defendant first contends that the evidence was insufficient to show the criminal violations alleged in the probation revocation petition in that the trial court based its decision upon the testimony of a victim over a witness appearing in behalf of the defendant. Although the defendant's witness' testimony was at odds with the victim's, nevertheless, the credibility of witnesses at a probation revocation hearing is for the court. See OCGA §§ 24-9-80 and 24-9-85 (formerly Code §§ 38-1805 and 38-1806); *Thornton v. State,* 161 Ga. App. 296, 298 (287 SE2d 749); *Smith v. State,* 144 Ga. App. 631 (241 SE2d 499).

The direct testimony of the victim constituted more than slight evidence of the defendant's guilt of the offenses charged. Only slight evidence of a violation of the terms and conditions of probation is necessary to revoke a probated sentence. The quality or quantity necessary for revocation is not that demanded for conviction of a crime. See *Green v. State,* 158 Ga. App. 864, 865 (282 SE2d 417). See also *Johnson v. State,* 240 Ga. 526, 527 (242 SE2d 53), affirming s.c., 142 Ga. App. 124 (235 SE2d 550). The evidence was sufficient to support the revocation of defendant's probation. See *Mobley v. State,* 158 Ga. App. 508 (281 SE2d 277). The enumerations of error that the state failed to prove the elements of the offenses are not meritorious.

*Judgments affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 17, 1983.

*Hubert E. Hamilton III,* for appellant.
*David L. Lomenick, Jr., District Attorney, Herbert E. Franklin, Jr., Assistant District Attorney,* for appellee.