A09A0939. LEGERE v. THE STATE.
(683 SE2d 155)

MIKELL, Judge.

We granted Marcus Legere's application for discretionary appeal to determine whether the trial court abused its discretion by revoking his probation for violating "work release," a special condition imposed at sentencing. Because the state failed to prove that the conduct that formed the basis of the court's revocation order was expressly forbidden by any terms of his work release program, we reverse the revocation order.

The record shows that on May 9, 2008, Legere entered a negotiated guilty plea to one count of felony child abandonment. It was agreed that Legere would plead guilty in exchange for a three-year probated sentence, which Legere would serve on work release. The prosecutor explained at the plea hearing that Legere would be allowed to leave the jail during the day to seek employment and would be required to report to the jail in the evenings. The trial court accepted the plea. The sentencing document contains general as well as special conditions of probation. The special condition at issue states that "the defendant is to stay on work release [until] the court releases him." A section at the bottom of the document warns Legere about the consequences of violating a condition:

> IT IS THE FURTHER ORDER of the Court, and the defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and/or discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. If such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law after deducting therefrom the amount of time the defendant has served on probation.

The certificate of service on the document is dated July 9, 2008. On July 11, 2008, Legere's probation officer petitioned to revoke his probation based on a "Violation of Special Condition in that the defendant violated his Court ordered Work Release." Unbeknownst to Legere, he had solicited a sheriff's office employee over the Internet and arranged a lunch date with her at a bar during business

hours. At the revocation hearing, the employee, Gina Evanson, testified that on June 11, Legere had contacted her on her MySpace account on the Internet. Legere attached his picture to the message he sent to her. Evanson did not know who he was, but a corrections officer who happened to be in Evanson's office noticed Legere's picture and recognized him as an inmate. Evanson notified her supervisor, Major James K. Proctor, that she was communicating with an inmate, and Proctor instructed her to continue chatting to see where it would lead. Legere asked Evanson to meet him for a drink, and they agreed to meet at noon that Friday at a sports bar. Proctor and Evanson proceeded to the bar at the appointed time, and Proctor waited outside. When Evanson went inside, she saw Legere sitting at the bar drinking a beer.

Evanson arranged for Legere to sit with his back to the door so that Proctor could enter the bar unnoticed. Proctor walked in and placed his hand on Legere's shoulder. Legere was "extremely stunned," particularly when Proctor introduced Evanson as an employee of the sheriff's office. Proctor took Legere back to the jail and prepared a report for the sentencing judge, who suspended Legere's work release. According to Proctor, Legere had paid for Internet access at an Internet café when he was released to go to work. Proctor testified that at the time Legere was drinking at the bar, he was "suppose[d] to be looking for a second job to make additional income." Proctor also testified that an inmate's time away from jail should correspond with his work schedule and that the inmate is responsible for supplying correct information concerning his work schedule to the sheriff's office.

On cross-examination, Proctor testified that he had "no idea" whether Legere was advised of any rules or regulations about the program and that Proctor was unaware of any rule preventing Legere from having contact with other individuals during the lunch hour while he was employed.

After hearing the evidence, the trial court revoked Legere's probation, commenting that, as an inmate, he "ha[d] no right to go to a bar and have a drink in the middle of the day." The court ordered Legere to serve the balance of his term in a probation detention center. On appeal Legere contends, inter alia, that the trial court abused its discretion in revoking his probation because the state failed to show that Legere was informed of the rules of the work release program.[1] We agree and reverse.

---

[1] See *Meadows v. Settles*, 274 Ga. 858, 861 (3) (561 SE2d 105) (2002) ("Georgia law has long recognized that a reviewing court is authorized to reverse a probation revocation for an abuse of discretion") (citations omitted).

Probation revocation is governed by OCGA § 42-8-34.1. As pertinent to this case, the statute authorizes the revocation of a probated sentence upon proof by a preponderance of the evidence of a violation of a "special condition of probation,"[2] which is defined as a condition of a probated sentence "expressly imposed as part of the sentence in addition to general conditions of probation" and "identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation . . . and require the defendant to serve up to the balance of the sentence in confinement."[3] According to our Supreme Court, the "essential requirements of OCGA § 42-8-34.1 (a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence."[4]

In the case at bar, Legere concedes that the original sentencing document imposed work release as a special condition of probation and contained an appropriate warning regarding the consequences of violating that condition.[5] He argues, however, that the state failed to prove by a preponderance of the evidence that he violated any terms or conditions of a work release program. Legere relies on *Collins v. State*,[6] in which we held that the allegation in a revocation petition that the defendant "failed to abide by the rules at the Athens Diversion Center,"[7] without specifying which rules were violated, was insufficient to enable him to prepare a defense and thus failed to satisfy the due process requirement that a defendant be notified in writing of the asserted violation of his probation prior to the hearing.[8] Similarly here, the allegation in the revocation petition that Legere "violated his Court ordered Work Release" was insufficient to satisfy due process.[9] Although "the inadequacy of a petition is not necessarily a basis for setting aside a revocation where the factual grounds are established at the hearing,"[10] the state did not

---

[2] OCGA § 42-8-34.1 (e).

[3] OCGA § 42-8-34.1 (a) (1), (2).

[4] *Harvey v. Meadows*, 280 Ga. 166, 169-170 (3) (626 SE2d 92) (2006). Accord *Gardner v. State*, 259 Ga. App. 375, 378 (1) (577 SE2d 69) (2003) (special condition must be expressed in writing and sentencing document must reflect in writing that violation of the condition will result in revocation and service of the balance of the probated sentence).

[5] The warning printed on Legere's sentencing document duplicates Form SC-6, which is found in the Appendix to the Uniform Superior Court Rules. Our Supreme Court has approved this language as being in substantial compliance with OCGA § 42-8-34.1. See *Jowers v. Washington*, 284 Ga. 478, 482 (2), n. 10 (668 SE2d 703) (2008).

[6] 151 Ga. App. 116 (258 SE2d 769) (1979) (physical precedent only).

[7] (Punctuation omitted.) Id.

[8] Id. at 117 (2). Accord *Wolcott v. State*, 278 Ga. 664, 667 (2) (604 SE2d 478) (2004).

[9] Compare *Wolcott*, supra (revocation petitions alleged that defendant committed specific crime on a certain date in a particular venue).

[10] (Citation and punctuation omitted.) Id.

prove at the hearing that Legere was notified of any rule specifying the parameters of the work release program. "Sentences for criminal offenses shall be certain, definite, and free from ambiguity, and where the contrary appears, the benefit of the doubt shall be given the accused."[11] Despite Legere's dubious behavior, the trial court abused its discretion in revoking his probation where the state failed to offer any evidence that he was informed of the rules of the work release program to which he was required to adhere.

We recognize that under Georgia law, "[a]n inmate assigned to a work-release program who, without proper authority, leaves the work area or site to which he is assigned, . . . or who leaves the vehicle or route of travel in going to or returning from his assigned place of work shall be guilty of a misdemeanor."[12] But the revocation petition did not allege that Legere committed a misdemeanor, and the trial court did not revoke his probation on this basis. Accordingly, contrary to the state's contention, the trial court's order cannot be affirmed based on this statute.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 7, 2009.

*C. Darrell Gossett, Michelle C. Hamilton*, for appellant.
*Stephen D. Kelley, District Attorney, Diane L. Dodd, Assistant District Attorney*, for appellee.

---

[11] (Citations and punctuation omitted.) *Huff v. McLarty*, 241 Ga. 442, 444-445 (246 SE2d 302) (1978).
[12] OCGA § 42-1-9 (e).