## 30900. WILSON v. THE STATE.

GUNTER, Justice.

This appeal is from convictions for armed robbery, motor vehicle theft, and simple assault. Two alleged errors are asserted here: (1) a motion to suppress evidence obtained from a search of appellant's automobile should have been granted, and (2) a motion to quash in-court identification of the appellant by the robbery victim should have been granted.

Both of these asserted errors are without merit, and we affirm the convictions.

Appellant's vehicle was repossessed by a lienholder. The repossessor employed a locksmith to open the car, and an inventory was made of its contents. The contents procured from the car connected the appellant with the crimes for which he was charged and tried. The search and the seizure were conducted by the repossessor of the

vehicle and not by state law enforcement officers. Therefore, there was no statutory or constitutional violation that would render the obtained evidence inadmissible at trial. Furthermore, the vehicle having been repossessed by a lienholder, the appellant had no standing to complain of a search of the vehicle.

On the other issue, the victim of the robbery was in the presence of the robber for approximately ten minutes; the robber made no attempt to hide or disguise his face or appearance; the victim identified the appellant as the robber spontaneously on the first occasion, and then subsequently identified him in a lineup and in court. We find no valid reason why the trial court should have prevented the in-court identification of the appellant by the victim of the robbery.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 5, 1976 — DECIDED JUNE 8, 1976.

*James, Shipp & Wilcox, Tommy Day Wilcox,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Charles Weston, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.