## 54606. LOCKETT v. THE STATE.

WEBB, Judge.

Charlie Lockett's probation was revoked after a hearing at which the court found that he had committed the offenses of armed robbery and robbery by force, and he appeals.

1. Lockett asserts that in-court identifications of certain witnesses were impermissibly tainted by an unnecessarily suggestive pre-trial lineup. Under the totality of the circumstances, including the opportunity of these witnesses who were victims of the robberies to observe Lockett in good light and at close hand for a substantial period of time, we find these identifications were admissible. *Wilson v. State,* 237 Ga. 13 (226 SE2d 575) (1976); *Painter v. State,* 237 Ga. 30, 32 (226 SE2d 578) (1976).

2. Cross examination of a witness regarding the lineup as to evidence which had not been introduced was properly excluded upon objection by the prosecution.

3. A statement made by the district attorney in response to an inquiry of the trial judge, which was not objected to, is enumerated as error. Even assuming this statement to be improper or prejudicial, which we do not, Lockett is now barred to complain. *Joyner v. State,* 208 Ga. 435, 438 (2) (67 SE2d 221) (1951).

4. In Georgia the state needs only to prove its case by "slight evidence" to warrant revocation of probation. *Davison v. State,* 139 Ga. App. 614 (229 SE2d 267) (1976). Four eyewitnesses testified that Lockett committed the robberies, which amply meets the burden.

5. Lockett enumerates error in the finding of a probation violation on the basis of evidence of a robbery by force occurring on April 22, 1977, which was not charged in the rule nisi as a ground for revocation. While this question is one of first impression as to probation revocations, this court has held that unless time is an essential element of the offense charged in a criminal trial, the time of the commission of the offense alleged in the indictment is immaterial. "To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. [Cit.]" *Jefferson v. State,* 136 Ga. App. 63, 66 (5) (220 SE2d 71) (1975). The state here proved that two violations of Lockett's parole occurred prior to the return of the rule nisi and within the statute of limitation. Since only "slight evidence" of proof is demanded, any lack of specificity as to the date of the alleged violation in the rule nisi was harmless.

6. On January 30, 1973, when Lockett was found guilty of the offense of aggravated battery in Bibb Superior Court, he was under the age of 18 years. At that time Code Ann. § 99-209 (a) (5) (Ga. L. 1972, pp. 1251, 1252) required that persons under the age of 18 who were convicted of noncapital felonies be committed to the custody of the Division for Children & Youth of the State Department of Family & Children Services. Lockett now contends that under the law at that time the court could not sentence him to 15 years on probation, and that the incompleteness and inconsistency of the record render this sentence void and nonexistent so that it could not subsequently be revoked.

We do not agree. The record shows that Lockett was 17 when he pleaded guilty and was sentenced to 15 years on probation; that he was committed by the superior court to the Division for Children & Youth on January 30, 1973; that after the expiration of one year, when Lockett was 18, the Division for Children & Youth released him from custody and his case was reviewed by the superior court; and that he was then transferred to custody of the Department of Defender Rehabilitation to serve the remainder of his probated sentence.

"Under the Georgia Constitution, the superior court

has jurisdiction to try any person who has reached the age of criminal responsibility [Code Ann. § 26-701 sets age 13 as the current minimum age of criminal responsibility] for a crime subjecting the offender to imprisonment. See Code Ann. § 2-3901.

"A juvenile whose case is properly transferred to the superior court is subject to criminal sanctions which may be imposed in that court. Thus, it is clear from the Georgia jurisdictional scheme . . . that an adjudication of guilt of a juvenile in superior court is a criminal adjudication." *Carrindine v. Ricketts,* 236 Ga. 283, 285 (223 SE2d 627) (1976). Therefore, the Supreme Court held in *Allen v. Ricketts,* 236 Ga. 294, 295 (223 SE2d 633) (1976), a companion case to *Carrindine,* that after accepting felony guilty pleas from a juvenile offender, the superior court should have given him "a penal sentence which began with a commitment to the custody of the Division of Children and Youth until appellant reached the age 17 with provision for appellant to transfer thereafter to the Youthful Offender Division for the remainder of his sentence."

We note that section 5 of the 1972 statute specifically authorized the superior court judge in his discretion to sentence any juvenile convicted of a felony while under commitment to the Division for Children & Youth to the Department of Corrections "as provided under law for adults." We conclude that the Act was not intended to exclude probationary sentences for convicted felons under 18 years of age, and that Lockett was properly sentenced as a juvenile in superior court.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED OCTOBER 21, 1977.

*Hamilton & Dunn, Thomas E. Dunn, Hubert E. Hamilton, III,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.