58670. WILSON v. THE STATE.
58765. BRITT v. THE STATE.

BIRDSONG, Judge.

Revocation of probation. Although these two cases (*Britt,* No. 58765, and *Wilson,* No. 58670) arose out of two different situations, there are common issues and the two appellants are represented by the same counsel. In consideration of judicial economy and with the consent of counsel, we have consolidated the two cases for disposition in this one opinion.

It is agreed that the appellant Britt was properly convicted of the offense of first degree forgery and sentenced to serve six years on probation. Subsequently Britt was observed smoking marijuana in a public place along with several other persons. The entire group was placed under arrest but Britt escaped from the custody imposed by the arrest by successfully running away. Later Britt was identified and arrested for the escape and taken to the police station. While the booking was proceeding, Britt struck the processing officer in the face with his hand. Britt also was found guilty of driving a car while his license was suspended.

It is further agreed that Wilson was convicted of two offenses of burglary and sentenced to serve two ten-year terms concurrently and at the time of revocation was on probation. Thereafter Wilson was arrested for a sale of amphetamine.

A petition was filed by a probation officer as to each appellant after his arrest with the appropriate court, an order was issued by the court requiring the probationer to show cause why the probation should not be revoked, and that show cause order was served either on the appellant

or his attorney before the scheduled date of the hearing. On the date of each hearing, each appellant was present with counsel and a full hearing was conducted and each offense listed in the respective petitions for revocation of probation was established by competent evidence beyond reasonable doubt, and each appellant afforded the right to complete cross examination. Each appellant enumerates as error the failure of the trial court to afford him a bifurcated hearing, i.e., a preliminary hearing to establish probable cause to conduct a revocation hearing followed by an evidentiary show cause hearing rather than consolidating the procedure into one hearing. A similarly common enumeration of error asserts that it was error to list an arrest as grounds for revocation of probation and then allow the trial court to inquire into the reasons for the arrest. *Held:*

1. As to the first enumeration of error pertaining to the unified revocation hearing, this court has previously decided that issue adversely to appellants' contention. In *Ware v. State,* 137 Ga. App. 673, 675 (224 SE2d 873), this court held that all the due process requirements demanded by Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) and Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) can be satisfied in a single court trial. In the two cases under consideration, each of the Supreme Court's directives were met and the probationers' constitutional rights were fully protected through the single dispositional hearing. Accordingly, we conclude there was no error in denying the probationers a preliminary hearing prior to a final disposition trial where all due process requirements were satisfied in the one hearing.

2. Appellants advance the tautological argument that they were advised that probation was to be vacated because of certain arrests. While appellants admit that an arrest may be sufficient ground to revoke a probation, nevertheless they contend that the petitions were deficient in that the grounds for the arrest were not set forth in sufficient detail. Moreover, appellants argue that the allegation of an "arrest" did not authorize the trial court at the dispositional hearing to inquire into the underlying reasons for the arrests.

We find these arguments to be without merit. Appellants were advised that each had been arrested for named offenses and that these violations of law were the basis for the petitions for revocation. At the dispositional hearing in each case, the fact of or legality of arrest was not in issue. The specific details of criminal violations were fully developed and clearly support the action of the trial court in revoking probation. In neither case could the appellant reasonably argue that he was not aware of the specific grounds upon which the revocation was based or that he could not adequately prepare his defense. See *Horton v. State,* 122 Ga. App. 106, 107 (3) (176 SE2d 287).

Appellant Britt asserts several other reasons he contends show that the revocation was improper. We reject any contention that there is a variance because the petition alleges the marijuana offense occurred on June 15 and the officer testified that the event occurred on June 16. There was no objection made at the hearing on that basis nor did the parties show concern or confusion. Because only slight evidence is required, any lack of specificity as to the date of the alleged violation in the rule nisi was harmless. *Lockett v. State,* 143 Ga. App. 629, 630 (5) (239 SE2d 238).

Two other assertions relate to the actions of the police officer involved in the battery. Neither assertion denies the assault and in fact tacitly admits it. Neither assertion warrants further discussion by this court. The same lack of merit is suffused throughout the second enumeration of error advanced by appellant Britt. He in effect argues that the assault offense occurred after the arrest for escape from custody had occurred and therefore was inadmissible. Moreover, Britt argues that a more appropriate forum to inquire into the assault, i.e., whether it was mutual combat, self-defense, or an intentional assault, would be at a trial on the merits. This entirely misses the point. Appellant Britt was required to answer to a dispositional hearing on a probation revocation. He had ample opportunity to establish that the alleged assault was either unintentional or without criminal intent or justified, but did not do so. The fact that such defenses could also be advanced in a trial upon the merits of the offense, does not in any way drain the legal effect of

a failure to offer defenses at the dispositional hearing. This enumeration likewise is without merit.

*Judgments affirmed. Quillian, P. J., and Smith, J., concur.*

58670, Argued October 17, 1979; 58765, Submitted October 18, 1979 — Decided December 4, 1979 —

*G. Hughel Harrison*, for appellants.
*W. Bryant Huff*, District Attorney, *Malcolm C. McArthur*, Assistant District Attorney, for appellee.