## 61717. STRICKLAND v. THE STATE.

QUILLIAN, Chief Judge.

This is an appeal from revocation of probation.

On September 4, 1980 defendant was convicted on his plea of guilty to seven counts of first degree forgery, sentenced to 20 years and placed on probation for 20 years. On December 1, 1980 a hearing was held on a rule nisi to revoke the probation alleging that defendant had violated it by committing two offenses of first degree forgery on October 16, 1980, by failing to report to the probation officer, and by failing to pay on court-ordered restitution. After hearing evidence the court ordered the probation revoked for the reasons alleged but for committing only one offense of forgery. Defendant was sentenced to serve the remaining term of his original sentence, 19 years and nearly 9 months. *Held:*

1. The first enumeration is that the evidence was insufficient to establish a violation of probation.

The state's uncontradicted evidence was that defendant failed to pay the restitution and to report to his probation officer; that defendant cashed a forged check numbered 123 at a liquor store on October 10; and that defendant admitted in a pretrial statement to writing and cashing six checks at the liquor store in the period October 10 to 16, which specifically included check numbered 123. Defendant presented no evidence.

Defendant claims a fatal variance because the forgery was alleged to be on October 16, and the only check admitted to prove the forgery did not do so as it was dated October 10.

*Lockett v. State,* 143 Ga. App. 629 (5) (239 SE2d 238), is dispositive of this issue. There a probation was revoked on evidence that the defendant had committed a robbery on a date not alleged in the rule nisi. In finding no error, the court said: "[T]his court has held that unless time is an essential element of the offense charged in a criminal trial, the time of the commission of the offense alleged in the indictment is immaterial. 'To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. (Cit.)' [Cit.] The state here proved that two violations of Lockett's parole occurred prior to the return of the rule nisi and within the statute of limitation. Since only 'slight evidence' of proof is demanded, any lack of specificity as to the date of the alleged violation in the rule nisi was harmless." Id at 630. See also *Wilson v. State,* 152 Ga. App. 695 (2) (263 SE2d 691).

We find the evidence sufficient to support the revocation of probation.

2. The second enumeration contends that defendant's due process rights were violated when the October 10 check was admitted in evidence over his objection that he was not given notice that it would be used to prove an offense alleged to have been committed on October 16.

There is no merit in this contention. The evidence showed that the October 10 check was the first of a series of 6 forged checks cashed in a six-day period ending on October 16. None of the other checks were introduced. In his pretrial statement defendant admitted to passing all six checks. Under these circumstances defendant had adequate notice that the October 10 check existed and could well be introduced against him. In addition, upon objecting to the admission of the check claiming he had no notice thereof, defendant made no effort to ask for time to prepare to defend against the claimed surprise evidence.

The rule adopted in *Caldwell v. State,* 139 Ga. App. 279 (2) (228 SE2d 219), is applicable. There the court held that although alleging one date of an offense and then proving another violates the requirement that an accused shall be definitely informed of the charges against him so that he may be able to present his defense and not be taken by surprise by the evidence offered at trial, this does not mean that time becomes an essential ingredient of an offense so that a variance can be taken advantage of on the ground of insufficiency of evidence. "The better rule, and the one which we adopt, is that the state may prove any date within the period of limitations . . . but if defendant, relying upon [an affirmative] defense for the time alleged . . . is surprised and prejudiced by a time variance, upon his motion therefor he will be afforded sufficient time to prepare his defense to meet the new date." (fn. omitted). Id at 287. See also *Roberts v. State,* 149 Ga. App. 667 (5) (255 SE2d 126), and *Riles v. State,* 155 Ga. App. 586 (271 SE2d 718).

3. The remaining enumeration claiming the sentence to serve time for the remaining period of the probation was cruel, unusual and inhuman punishment is also without merit. The sentence was within the limits authorized by Code Ann. § 27-2713. "Any question as to the excessiveness of a sentence, which is otherwise legal, should be addressed to the sentence review panel. [Cit.]" *Davis v. State,* 151 Ga. App. 628 (3), 629 (260 SE2d 753).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 22, 1981 —

*Bobby Bearden,* for appellant.

*Willis B. Sparks, District Attorney, Thomas J. Matthews, Jr., Wayne G. Tillis, Assistant District Attorneys,* for appellee.