63430. HILLMAN v. THE STATE.

CARLEY, Judge.

Appellant appeals from the revocation of his probation.

1. Appellant enumerates as error the failure of the trial court to enter a written statement showing the evidence relied upon and the reasons for revoking appellant's probation. See Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972); Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973). "In our view, the record in this case satisfies the requirements of Morrissey and Gagnon with regard to a 'written statement.' From the record, both the defendant and the appellate court can ascertain the basis for revocation of the defendant's probation. Given this fact, it was unnecessary for the trial court to commit his findings to a separate piece of paper. We do not construe Morrissey and Gagnon as elevating a superfluous exercise to the level of due process. [Cit.]" *State v. Brinson,* 248 Ga. 380, 381 (283 SE2d 463) (1981).

2. "It is well settled law that the quality and quantum of evidence necessary for revocation of probation is not that demanded for conviction of crime. [Cit.] It is not required that proof of the

offense be beyond a reasonable doubt — slight evidence is sufficient. [Cit.] The evidence presented, while circumstantial in part, was sufficient to satisfy the state's burden of proof applicable to probation revocation hearings. [Cits.]" *Adams v. State,* 158 Ga. App. 529 (1) (281 SE2d 250) (1981).

3. Appellant urges that the order of revocation erroneously fails to credit him with time already served on probation. See *Stephens v. State,* 245 Ga. 835 (268 SE2d 330) (1980). The state concedes that the order is erroneous in this respect and results from a clerical or typographical error. Accordingly, the judgment is affirmed and the case remanded with direction that the order of revocation be revised to credit appellant for time previously served on probation. *Howell v. State,* 159 Ga. App. 577 (284 SE2d 82) (1981).

*Judgment affirmed with direction. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 15, 1982.

*Earl Daniel Smith, Jr.,* for appellant.
*C. Deen Strickland, District Attorney, Charles C. Grile, Assistant District Attorney,* for appellee.