## 66252. WILLIAMS v. THE STATE.

BANKE, Judge.

On May 15, 1981, Williams was sentenced to five years probation on a burglary conviction. On December 2, 1981, a petition for revocation was filed, charging him with committing theft by receiving stolen property. The petition was granted on June 18, 1982; and

Williams filed this appeal.

From August through November 1981, several burglaries occurred in Baldwin County, with most of the stolen items consisting of jewelry and coin collections. One victim, whose collection of Susan B. Anthony dollars, Eisenhower dollars, and Kennedy half-dollars had been stolen, had requested the personnel of a local convenience store to notify him if anyone tendered such coins. On the morning of November 19, 1981, the convenience store clerk informed the victim and the police that the four Williams brothers, who frequently patronized the store, had just purchased some gasoline and beer with Kennedy half-dollars and Susan B. Anthony dollars. The clerk was able to provide police with a description of the vehicle driven by the four men, as well as the car's tag number. Around 10:00 a.m., Milledgeville police broadcast a lookout for the four men and the vehicle. Shortly thereafter, a clerk at another store reported that the four brothers had made another purchase using coins of the type stolen.

At 12:30 p.m., the Macon County police contacted the Milledgeville police and informed them that the four suspects had been detained in response to the lookout. The Milledgeville officers immediately drove to the location where the detention had occurred and found the four suspects seated in a vehicle which belonged to the appellant's brother. The appellant was seated in the rear. The Milledgeville officers noticed several necklaces hanging from the rear-view mirror as well as some rolls of pennies on the front floorboard. A search of the four suspects and the vehicle resulted in the discovery of several items which proved to be stolen.

After transporting the appellant and others to the Milledgeville jail, the police officers went to the appellant's residence, obtained the consent of appellant's mother to search the two bedrooms used by the appellant and his brothers, and discovered several other stolen items. The residence was a mobile home which was being purchased jointly by the appellant's mother and father. The appellant neither paid rent for his use of the residence nor contributed to the household expenses.

On appeal, Williams' primary contentions are that the trial court erred in denying his motion to suppress the evidence seized during the warrantless searches of the vehicle and his residence and that the court erred in admitting certain statements made by him while in custody. *Held:*

1. An arrest is complete whenever the liberty of a person to come and go as he pleases is restrained, even though the arresting officer does not expressly inform the person that he is under arrest. OCGA § 17-4-1 (Code Ann. § 27-201); *Collier v. State,* 244 Ga. 553 (261 SE2d

364) (1979); *Rogers v. State,* 131 Ga. App. 136 (205 SE2d 901) (1974). In this case, it is clear that the Macon police had already arrested the appellant and his brothers at the time the Milledgeville police arrived on the scene. However, it is also clear that the police had probable cause to believe that the men were in possession of stolen property.

OCGA § 17-4-20 (a) (Code Ann. § 27-207) in part provides that a law enforcement officer may make a warrantless arrest "if the offense is committed in his presence or within his immediate knowledge, if the offender is endeavoring to escape . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." Here the suspects were mobile and last seen leaving the Milledgeville area, after having negotiated some of the suspected stolen coins. Based on these facts, the warrantless arrest was both reasonable and necessary to prevent a failure of justice. It follows that the appellant's custodial statement was not invalid as the fruit of an unlawful arrest.

2. The appellant has no standing to object to the search of the vehicle, as he was not its owner, and the vehicle had not been placed in his possession. With no proprietary interest in the vehicle, and thus no legal expectation of privacy therein, the appellant may not complain of the search. *Brown v. State,* 240 Ga. 274 (240 SE2d 63) (1977); *Smith v. State,* 159 Ga. App. 20 (282 SE2d 677) (1981). Moreover, several of the stolen items were in plain view, hanging from the rear view mirror and on the floor board of the car. See generally *Cook v. State,* 134 Ga. App. 712 (215 SE2d 728) (1975).

A warrantless search of a residence may be authorized by the consent of any person who possesses a sufficient relationship to the premises to be inspected. United States v. Matlock, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977). It was uncontroverted that the appellant's mother was a co-owner of the premises, and there was no landlord/tenant relationship between the appellant and his parents. Accordingly, we find that she was authorized to permit the officers to conduct the search. Cf. *Tolbert v. State,* 224 Ga. 291 (161 SE2d 279) (1968). Thus, the trial court properly denied the motion to suppress.

3. Appellant also contends that the evidence did not authorize revocation of his probation because there was no showing that he possessed the property with actual or constructive knowledge that it was stolen. Only slight evidence is necessary to sustain a revocation of probation, and it need not be of such quality or quantity as would be necessary to sustain a conviction of a crime. *Brewer v. State,* 162 Ga. App. 228 (291 SE2d 87) (1982); *Hillman v. State,* 162 Ga. App. 121 (290 SE2d 219) (1982). In this case, there was testimony that the appellant negotiated some of the stolen coins, and several stolen

items were seized from his bedroom. Appellant's custodial statement and his testimony during the hearing provided additional bases for imputing knowledge on his part that the money and jewelry in his presence and possession were stolen. The evidence was more than ample to authorize revocation of appellant's probation as charged.

4. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 2, 1983.

*George M. Stembridge, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.