66638. WILLIS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals the revocation of his probation. *Held:*

The defendant was convicted of the offenses of habitual violator and driving under the influence on December 9, 1980, and sentenced to five years with the first twelve months to be served in the county jail, with the balance of the sentence to be served on probation.

On January 29, 1983, a Fort Valley police officer was dispatched to the scene of a reported motor vehicle accident at 10:50 p.m., where he found the defendant in his automobile "pinned in the driver's seat and the door had been collapsed against him." The officer detected an odor of alcohol and defendant's "eyes were bloodshot" and he was "incoherent somewhat." Defendant, complaining of neck pains, was taken to the emergency room at Peach County Hospital; and while he was being treated a driver's history was run, revealing his habitual offender status. Blood was drawn and sent to the State Crime Laboratory, but no report on defendant's alcohol content had been

received at the time of the revocation hearing. Defendant was then charged with driving under the influence, failure to maintain no-fault insurance and improper left turn, causing an accident.

The rule nisi alleging that defendant had violated his probation by committing the offenses of driving under the influence and habitual violator showed that the alleged offenses had *occurred on December 30, 1982.* Upon objection by defense counsel that this constituted a fatal variance in the rule nisi, the state conceded the error and offered to redraw the rule and continue the hearing to the next week. Defense counsel agreed to proceed with the hearing "as if another rule has been drawn up with the understanding that my objection is preserved in the record without waiving anything." The court commented that the date was obviously a typographical error and defendant's attorney "[wanted] to have your cake and eat it, too," and the hearing proceeded. Defendant offered no evidence in his behalf, but contends on appeal that the state did not prove him guilty of violating his probation by a showing of slight evidence; and that the court erred in admitting evidence of the events occurring on January 29, 1983, when the rule nisi averred that they transpired on December 30, 1982.

" 'It is well settled law that the quality and quantum of evidence necessary for revocation of probation is not that demanded for conviction of crime. (Cit.) It is not required that proof of the offense be beyond a reasonable doubt — slight evidence is sufficient. [Cit.] The evidence presented, while circumstantial in part, was sufficient to satisfy the state's burden of proof applicable to probation revocation hearings. (Cits.)' [Cit.]" *Hillman v. State,* 162 Ga. App. 121 (2), 122 (290 SE2d 219). Compare *Shoffeitt v. State,* 163 Ga. App. 372 (294 SE2d 587), and *Hunt v. State,* 166 Ga. App. 524 (304 SE2d 576). "Since only 'slight evidence' of proof is demanded, any lack of specificity as to the date of the alleged violation in the rule nisi was harmless." *Lockett v. State,* 143 Ga. App. 629, 630 (5) (239 SE2d 238); *Strickland v. State,* 158 Ga. App. 340 (1, 2) (280 SE2d 168).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Thomas J. Matthews, Assistant District Attorneys,* for appellee.