## A92A1951. HOWARD v. THE STATE.
(427 SE2d 96)

BLACKBURN, Judge.

Michael Deon Howard was convicted of the offenses of armed robbery and possession of a weapon during the commission of a felony. His sole enumeration of error on appeal is that the trial court erred by denying his motion to suppress a pistol that was found during the search of his residence.

Howard, his sister, and his mother shared a single-family, three-bedroom house (hereinafter, "the residence") in Macon, Georgia, which was rented in the name of Howard's mother. According to Howard's mother, she was the head of the household. Each of the three family members had his or her own bedroom. His sister and mother each paid one-half of the rent; Howard paid no part of the rent or other expenses, but he performed some household chores.

According to testimony by Captain Robert Hernandez of the Macon Police, at about 10:00 a.m. on September 8, 1991, he went to the residence and arrested Howard pursuant to a warrant. After Howard was read his *Miranda* rights, he gave a statement denying involvement in the armed robbery. At about 1:00 p.m. on the same day, Sep-

tember 8, 1991, Hernandez returned to the residence and obtained the written consent of Howard's mother to search the house. While searching Howard's bedroom he discovered a pistol which allegedly was the pistol used in the armed robbery. Hernandez admitted that no exigent circumstances were present at the time he obtained the consent from Howard's mother. Howard testified that as of the date of his testimony (December 19, 1991), he was 22 years old, from which we infer that he was at least 21 years old at the date of the search.

Howard's motion to suppress the pistol as evidence was denied by the trial court. On appeal he contends that the consent given by his mother was ineffective to permit a warrantless search of his room.

1. Howard argues that his mother did not have the authority to give a valid consent to search his bedroom. However, this contention is controlled adversely to Howard by *Williams v. State*, 166 Ga. App. 798, 800 (2) (305 SE2d 489) (1983). In *Williams* the police first arrested Williams and transported him to jail, then "went to the appellant's residence, obtained the consent of appellant's mother to search the two bedrooms used by the appellant and his brothers, and discovered several other stolen items. The residence was a mobile home which was being purchased jointly by the appellant's mother and father. The appellant neither paid rent for his use of the residence nor contributed to the household expenses." Id. at 799.

Williams' motion to suppress the evidence seized during the warrantless search of his residence was denied. On appeal of that ruling, this court held that Williams' mother had the authority to consent to the search of his bedroom. "A warrantless search of a residence may be authorized by the consent of any person who possesses a sufficient relationship to the premises to be inspected. United States v. Matlock, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977). It was uncontroverted that the appellant's mother was a co-owner of the premises, and there was no landlord/tenant relationship between the appellant and his parents. Accordingly, we find that she was authorized to permit the officers to conduct the search." *Williams*, supra at 800 (2).

The facts of the present case resemble those of *Williams* in all key respects. As in *Williams*, the police in this case arrested Howard, transported him to jail, then went to his residence and asked his mother for consent to search. Howard's mother leased the premises, which is the substantial equivalent of Williams' mother's co-ownership, and, similar to *Williams*, there was no landlord-tenant relationship between Howard and his mother, in that Howard paid neither rent nor household expenses. Accordingly, we hold that Howard's mother had a sufficient relationship to the residence to consent to a warrantless search of Howard's bedroom.

2. Howard also argues that, unless exigent circumstances are pre-

sent, police should not be permitted to use the consent of a third party in place of obtaining a search warrant. However, we find that this argument has no merit, since the "issue of consent is dispositive. ' "A valid consent eliminates the need for either probable cause or a search warrant. (Cit.)" (Cit.)' *Bobbitt v. State*, 195 Ga. App. 566, 567 (394 SE2d 385) (1990)." *Langston v. State*, 202 Ga. App. 431, 432 (2) (414 SE2d 676) (1992).

3. For the foregoing reasons, we hold that Howard's mother was authorized to consent to the search of his bedroom, and that the trial court did not err by denying the motion to suppress the pistol that was discovered during the course of the search.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 19, 1993.

*J. Robert Daniel*, for appellant.
*Willis B. Sparks III, District Attorney, R. Jeffrey Lasseter, Thomas J. Matthews, Assistant District Attorneys*, for appellee.