## A06A1860. RHONE v. THE STATE.
(642 SE2d 185)

JOHNSON, Presiding Judge.

A jury found 17-year-old Travis Rhone guilty of armed robbery. He appeals from the conviction entered on the verdict, challenging the denial of his motion to suppress evidence seized from his grandparents' home. We affirm the ruling of the trial court.

In cases involving the review of the denial of a motion to suppress, an appellate court must construe the evidence most favorably to uphold the findings and judgment of the trial court, and an appellate court must adopt that court's findings as to disputed facts and credibility unless they are clearly erroneous.[1]

Viewed in the proper light, the evidence shows that a young man entered a hotel lobby, placed a ripped backpack on the counter, pulled a handgun out of the bag, and pointed the gun at the desk clerk. He demanded that the clerk put the money from the cash drawer and the safe into the backpack, which she did. A few days later, the clerk selected Rhone's photograph from a lineup and identified him as her assailant. After the identification, police officers went to Rhone's grandparents' home, where Rhone lived with his father and grandparents, to arrest him.

After arresting Rhone and placing him in the police car, officers asked Rhone's grandfather and father for permission to search the house. Both men signed a form consenting to a search. The grandfather showed police the bedroom in which Rhone slept. In that room, officers found a ripped backpack, and $700 in cash packaged in the manner described by the victim.

During the hearing on the motion to suppress, the grandfather testified that it was his house and he could go anywhere he wanted in

---

[1] *Johnson v. State,* 268 Ga. App. 867, 868 (602 SE2d 876) (2004).

the house, that he consented to the search, that Rhone never told him he could not enter the bedroom, and that if it was necessary he would "plunder through anything that's in that [bed]room." There was testimony that linens for the entire household were kept in the bedroom, that Rhone's father kept his clothes in the room, and that the grandmother went into the room "anytime she wanted to," sometimes to put clothes and linens away. The grandmother added that it was her house, and she could enter the bedroom if she wanted to, and that she goes in "when [she gets] ready." The grandfather did not know if Rhone or his father paid rent to stay in the house, though the grandmother said "they" would "come up with 35 or $40 sometimes" to "help me out a bit." She added that the money was to help pay for food. The father testified that he would give the grandmother money when he could, and that Rhone was not working and did not pay anything.

Rhone contends the search of the bedroom was illegal and the evidence found therein must be suppressed because officers did not ask him if they could search his room. Relying on *State v. Randolph*,[2] Rhone urges he had equal control over the premises and that, because he was present and able to object to the search, officers were required to obtain his consent before conducting a warrantless search. He argues he had a legitimate expectation of privacy in the room.

The general rule is that the voluntary consent of the head of household to the search of premises owned or controlled by him is sufficient to authorize a search of the premises without a warrant.[3] In *State v. West*,[4] this Court recognized that

> [e]ven if the son, living in the bosom of a family, may think of a room as "his," the overall dominance will be in his parents. Given the nature of the home as a family dwelling and the fact that the mother, as owner and head of the single-family household, designated what use, if any, could be made of the premises including the bedroom in question, we think it was reasonable to recognize that the mother had the authority to permit the inspection in her own right.[5]

In this case, the grandfather was a resident homeowner granting consent to a search of his own home, including his minor grandson's

---

[2] 278 Ga. 614 (604 SE2d 835) (2004), aff'd, *Georgia v. Randolph*, 547 U. S. 103 (126 SC 1515, 164 LE2d 208) (2006).

[3] *State v. West*, 237 Ga. App. 185, 186 (514 SE2d 257) (1999).

[4] Id.

[5] (Citation and punctuation omitted.) Id.

rent-free bedroom. Rhone's grandfather possessed a sufficient relationship to the premises sought to be inspected to consent to a search.[6] Here there was neither a landlord-tenant relationship,[7] nor a situation in which two persons clearly had shared common authority or equal rights in the place.[8] And, unlike the case of *Wilson v. State*,[9] upon which Rhone relies for the proposition that he had a reasonable expectation of privacy, here there was evidence that he had no such expectation. The evidence shows that the grandparents had authority and control over the entire house. The grandfather had the right to enter the bedroom and could assign that right, as he did in this case.[10] The search did not violate the constitutional prohibition against unreasonable searches and seizures.[11]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2007.

*James E. Stein*, for appellant.
*Stephen D. Kelley, District Attorney, Leslie K. DeVooght, Assistant District Attorney*, for appellee.

---

[6] See id.

[7] See *Howard v. State*, 207 Ga. App. 125, 126 (1) (427 SE2d 96) (1993).

[8] See *Georgia v. Randolph*, supra, 126 SC at 1520, 1526 (wife's consent to search home not valid where husband present and expressly refused consent).

[9] 254 Ga. 473, 477-478 (3) (330 SE2d 364) (1985) (court found defendant had reasonable expectation of privacy in grandmother's house, but opinion is silent regarding evidence supporting that holding, e.g., defendant's age, payment of rent, equal control, etc.).

[10] See *Howard*, supra.

[11] See *Montgomery v. State*, 155 Ga. App. 423, 424 (1) (270 SE2d 825) (1980).