### 4275.  WILLIAMS *v.* THE STATE.

Hearsay statements, even where admissible as part of the res gestæ, are not sufficient to convict, unless there is a principal fact established by other evidence. Applying this principle to the facts of the present case, the conviction of the accused was unauthorized, and his motion for a new trial should have been granted.

DECIDED OCTOBER 9, 1912.

Indictment for assault and battery; from Colquitt superior court—Judge Thomas.  June 5, 1912.

The plaintiff in error was convicted of assault and battery; his motion for a new trial, based upon the general grounds and others, was overruled, and he excepted. The evidence for the State was in substance as follows: The accused, a carpenter, was working on a fence in front of a dwelling-house, between two and three o'clock in the afternoon, when the mother of three small children living there left the house to find her husband. In a few minutes she and her husband returned together, and found the accused in one of the rooms of the house. The husband asked him what he was doing in there, and he replied that he had come for a drink of water and was tired and was sitting down to rest. There was no water in the room, but the water was on the back veranda. Immediately after the mother had come into the house one of the children—a girl five years old—ran to her from the room in which the accused was found. The mother testified: "My little girl

came running to me. Her eyes were all bleared, and she was trembling and white. The child said, 'Mama, are you going to whip me? I couldn't help it, it was him.' I said, 'Who?' I said, 'What?' And she up and told the circumstances." The child said that the accused took her hands and made her place them upon his private parts, which he had exposed, and that, on hearing the parents coming, he shoved her out of the door.

*W. A. Covington, James Humphreys,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

POTTLE, J. The court thinks that the evidence was insufficient to authorize the verdict. One can not be convicted of crime upon mere hearsay testimony as to the sayings of a child incompetent as a witness because too young to appreciate the nature and sanctity of an oath. "Declarations are not competent as part of the res gestæ unless there is a principal fact established by other evidence." 11 Enc. Ev. 291 (15). In the present case there was not a scintilla of evidence to corroborate the statement of the child as to the conduct of the accused. After the occurrence she told her mother of it, and, upon the testimony of the mother as to this hearsay statement of a child five years of age, the accused was convicted. Human liberty is too sacred a thing to be taken away upon evidence so slight and inconclusive as this. We do not mean to say that if there had been other evidence of the main occurrence, the spontaneous statement of this child might not have been admissible as a part of the res gestæ, but we are of the opinion that, without any corroborating circumstances whatever, the accused can not be convicted upon proof merely of the declarations of the child. There is certainly nothing in the decision of the Supreme Court in the case of *McMath* v. *State, 55 Ga.* 304, nor in any other decision of that court, to demand a contrary conclusion. In the first place, what was said by the court in that case was obiter. But, beyond this, the charge in that case was assault with intent to rape, and there was conclusive evidence, apart from the declarations of the child, that the assault had been committed; and this being true, spontaneous statements made by her immediately after the occurrence were admissible as a part of the res gestæ,—that is to say, as a part of the main transaction. But the main occurrence itself can not be proved by evidence of the mere declarations of the person

who claimed to have been assaulted, in the absence of other evidence that an assault had been committed. A contrary doctrine would in our opinion be an extremely dangerous one.

*Judgment reversed.*