## 44553. ROWLAND v. THE STATE.

JORDAN, Presiding Judge. On September 13, 1966, the defendant, after waiving formal arraignment, pleaded guilty to six counts of forgery and uttering forged instruments, for which he re-

ceived a suspended sentence of confinement for three years, the sentence to follow another sentence previously imposed, one condition being that he "not . . . indulge in any unlawful . . . conduct." Because of the previous sentence, the suspended sentence became effective on August 6, 1968. On October 9, 1968, he was arrested on four counts of forgery and uttering forged instruments. Following a rule nisi hearing to revoke the suspension, the court revoked it, from which the defendant now appeals. Error is asserted on the basis that the court exceeded its authority in revoking the suspension, when neither the court nor anyone in behalf of the court had explained the terms and conditions of suspension, that the sentence "had not been legally completed in that the terms and conditions had never been communicated" to the defendant, and that the sentence is "based on an illegal judgment." *Held:*

If there were any irregularity in failing to inform the defendant of the conditions under which his sentence to confinement was imposed, this would be a matter which the court could correct by recalling the defendant and sentencing him as provided by law. See *Fleming v. State,* 113 Ga. App. 113 (147 SE2d 480). But in view of the record and transcript now before this court we regard this as wholly unnecessary. On the face of the record the sentence as originally imposed reveals no irregularity. The sentence is recorded on a form which as completed expressly provides that it is to follow a sentence previously imposed. See Ga. L. 1956, pp. 161, 168; 1964, p. 494 (*Code Ann.* § 27-2510). It expressly shows that it is suspended which, under present law, does not place the offender under the requirements of the probation law. See Ga. L. 1965, pp. 413, 416 (*Code Ann.* § 27-2714). The form also sets forth the conditions, and provides for a rule nisi hearing to revoke the suspension "should the said defendant fail to meet any of the said conditions upon which said sentence is suspended." The judge, in referring to his previous action, stated at the hearing that "He was not given a probated sentence, but rather a sentence in open court to so many years to be suspended upon his good behavior and upon his complying with the rules in this sentence." The defendant admitted, in testifying at the hearing, that he received "three years suspended sentence to follow the five year suspended

[sic] sentence I think that I was serving at the time in prison." Although he stated that the terms or conditions were never explained to him, and this is corroborated to some extent by testimony on behalf of the State, he also admitted that in connection with an earlier sentence he had signed a paper indicating he understood the terms of a probated or suspended sentence. He also testified: "I was under the impression that as long as I was working and staying out of trouble I was allowed to be free and that's as far as I know." The evidence for the State clearly discloses prima facie that he is guilty of some of the offenses for which he was arrested on October 9, 1968. It is also abundantly clear that he was no innocent stranger to criminal law and procedure. As the respondent in a rule nisi hearing it was incumbent on him to overcome the presumption in favor of the State that the suspended sentence was one legally imposed, and to overcome the accusation clearly supported by the evidence that he had failed to meet one of the conditions of suspension. In the exercise of a sound discretion it would have taxed the credulity of the lower court to have resolved the issues in favor of the defendant. Accordingly, we find no error.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED JUNE 4, 1969—DECIDED SEPTEMBER 3, 1969.

*O. L. Crumbley,* for appellant.

*Jack J. Gautier, District Attorney, Stephen Pace, Jr.,* for appellee.