## 47654. HINTON v. THE STATE.

PANNELL, Judge. Emmitt Hinton, sentenced to "five years in the penitentiary, to be suspended," following a plea of nolo contendere to possession of narcotics, was subsequently apprehended "carrying a concealed weapon and pistol without license." For the latter offense, the trial judge revoked his suspended sentence. From this order he appeals. Enumerations of error involve two principles of law.

1. In cases of felonies not punishable by life imprisonment "the judge imposing said sentence is . . . granted power and authority to suspend or probate said sentence, under such rules and regulations as he thinks proper." Ga. L. 1919, p. 387; 1950, pp. 352, 354; 1964, pp. 483, 484 (Code Ann. § 27-2502). The trial court did not err in imposing a suspended sentence and, therefore, did not err in not sustaining appellant's motion to correct sentence by changing it to a probated sentence.

2. "The judge is also empowered with the right and authority to revoke said suspension or probation when the defendant has violated any of the rules and regulations presented by the court." Code Ann. § 27-2502, supra. The condition that the defendant obey all State, Federal, and municipal laws is not so vague, indefinite, ambiguous, and uncertain as to be unenforceable. Bryant v. State, 89 Ga. App. 891, 893 (81 SE2d 556). The evidence required to revoke a suspension is only some evidence that the defendant has violated the conditions of the probation which satisfies the trial court hearing the same in the exercise of a very wide discretion—it is not necessary to show that the defendant has been convicted of the act constituting the violation of the probation. Bryant v. State, 89 Ga. App. 891, 893, supra; Rowland v. State, 124 Ga. App. 494 (184 SE2d 494); Dickson v. State, 124 Ga. App. 406 (184 SE2d 37). When the sentence announced in court with the defendant present was "five years in the penitentiary, to be suspended" and the sentence reflected in a later written order stating the condi-

tion for obedience of laws, knowledge of such condition not being imputable to the defendant, the effect of such a sentence is an unconditional discharge. ". . . To deprive a defendant of his liberty upon the theory that he has violated rules and regulations prescribed in his sentence, when no rules, regulations, conditions, limitations, or restrictions were imposed by such sentence, would deprive the defendant of 'due process of law.' The defendant was not put on notice of what was expected or demanded of him, and the judge only has authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court." *Cross v. Huff,* 208 Ga. 392, 398 (67 SE2d 124); *Morgan v. Foster,* 208 Ga. 630 (2) (68 SE2d 583); *Code Ann.* § 27-2502, supra. See also *Chastain v. State,* 75 Ga. App. 880 (45 SE2d 81).

The only sentence brought to the attention of the defendant was the oral pronouncement in court. We said in *Inman v. State,* 124 Ga. App. 190, 192 (183 SE2d 413): "While it is true that an oral sentence is not a binding judgment of the court, the law is also clear that once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy. United States v. Benz, 282 U. S. 304 (51 SC 113, 75 LE 354); *Gobels v. Hayes,* 194 Ga. 297 (21 SE2d 624); *Rutland v. State,* 14 Ga. App. 746 (82 SE 293). See also 168 ALR 706."

There is authority, when there is an error or irregularity in failing to inform the defendant of conditions under which his sentence to confinement was imposed, for correction by the court by recalling the defendant and sentencing him as provided by law. *Fleming v. State,* 113 Ga. App. 113 (147 SE2d 480); *Rowland v. State,* 120 Ga. App. 248 (170 SE2d 58). Such correction could have no ex post facto effect to validate the present revocation of suspension.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
Argued November 7, 1972—Decided January 22, 1973.

*Grogan, Jones & Layfield, John C. Swearingen, Jr., Richard A. Childs,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen,* for appellee.