63725. HARRELL v. THE STATE.

BANKE, Judge.

The defendant appeals an order revoking the probated portion of his sentence for three counts of theft by taking. Because he was experiencing difficulty in making the restitution payments required as a condition of his probation, he had agreed to be placed in the Thomasville Diversion Center, where he was given assistance in finding a job. Although the court order providing for his admittance to the center contained no requirement that he abide by the rules and regulations in effect there, his probation officer subsequently petitioned the court to revoke his probation on the ground that

"[c]lient has violated numerous rules and regulations of the Thomasville Diversion Center." After an evidentiary hearing, the trial court granted the petition, based on evidence that the defendant had violated the center's rules by failing to turn over all of his wages from his outside employment, failing to account properly for his whereabouts on certain occasions, and returning 72 hours late from a weekend leave. *Held:*

1. "Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing. Gagnon v. Scarpelli, 411 U. S. 778 (1972). The broad allegations that the defendant violated 'the rules at the . . . Diversion Center,' without any specification of which rules were violated, was insufficient to allow him to prepare an adequate defense to that charge. We thus hold that this allegation did not constitute a sufficient notice of a probation violation." *Collins v. State,* 151 Ga. App. 116, 117 (258 SE2d 769) (1979).

2. The proceedings were also deficient in that the defendant's probation was not conditioned upon his compliance with the rules and regulations of the center.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 13, 1982.

*James D. Hudson,* for appellant.
*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.