## 65061. SHAW v. THE STATE.

DEEN, Presiding Judge.

Grady Shaw pled guilty on February 19, 1982, to three counts of burglary, one count of attempted burglary, and one count of aggravated assault. The Superior Court of Ware County sentenced him to a term of ten years to be served on probation pursuant to Code Ann. § 27-2711. He was removed to the Waycross Diversion Center immediately after the sentencing, there to begin his probation. Shaw had served a probated sentence on two misdemeanor convictions about five years previously.

According to appellant's testimony, as he left the courtroom following the sentencing on February 19, 1982, he was approached by an acquaintance who handed him a tissue-wrapped packet containing a green, leafy substance which the latter referred to as marijuana, with the request that it be delivered to an inmate of the diversion center. Again according to appellant's own testimony, he concealed the packet in his sock, where it was found during a routine search of his person upon entry to the diversion center. An experienced corrections officer at the center identified the substance as marijuana. Later that same day appellant's order or probation was prepared, but it was not filed until February 24. The terms and conditions were identical with those set forth in appellant's previous probation order.

Upon being notified of the discovery of the marijuana, appellant's probation officer, who had served in the same capacity during appellant's earlier probation, filed a petition for revocation of probation pursuant to Code Ann. § 27-2713. The probation was revoked and an order issued stating as grounds for revocation appellant's violation of the terms forbidding possession or use of certain drugs and intoxicants, specifically including marijuana.

Appellant enumerates the following errors: (1) the trial court failed to state the evidence on which revocation was based; (2) since the order of probation had not been served prior to the occurrence of the alleged violation, appellant had no knowledge of its terms and was therefore deprived of due process of law; and (3) there was

insufficient evidence adduced at the hearing to sustain a finding that he was in possession of marijuana. *Held:*

1. Appellant's first and third enumerations are patently without merit. The findings of fact contained in the trial court's order of revocation amply satisfy the standard of *State v. Brinson,* 248 Ga. 380 (1) (283 SE2d 463) (1981). See *Askea v. State,* 160 Ga. App. 328 (287 SE2d 65) (1981). The cases cited by appellant in support of his contention are inapposite because of clear differences in the factual situations of those cases and the one at bar. As to the quantum of evidence adduced, it is well settled that slight evidence is sufficient to establish a violation of probation. *Johnson v. State,* 240 Ga. 526 (242 SE2d 53) (1978); *Green v. State,* 158 Ga. App. 864 (282 SE2d 417) (1981); *Adams v. State,* 158 Ga. App. 529 (281 SE2d 250) (1981); See also *State v. Brinson,* supra; *Askea v. State,* supra. Appellant's testimony regarding receipt of the marijuana, coupled with that of the corrections officer as to discovery of the substance and his identification of it, meets the "slight evidence" standard.

2. It is true that to expect a probationer to abide by terms and conditions of which he has no knowledge would be an unconstitutional deprivation of due process. *Hinton v. State,* 127 Ga. App. 853 (195 SE2d 472) (1973). There was undisputed testimony in the instant case, however, that appellant had been advised in connection with his earlier probation that as a condition of probation he was to obey all laws and, specifically, was not to use or possess marijuana. The presumption of notice that thus arises is bolstered by appellant's admitted conduct in concealing the marijuana on his person rather than refusing to take it or turning it over to law enforcement personnel. Appellant can be deemed to have had at least constructive knowledge that he was violating not only the terms and conditions of his probation, but a Georgia law, as well. *Palmer v. State,* 144 Ga. App. 480 (241 SE2d 597) (1978). Compare *Cross v. Huff,* 208 Ga. 392 (67 SE2d 124) (1951); *Moore v. State,* 151 Ga. App. 791 (261 SE2d 730) (1979). Moreover, since lack of notice was not raised at trial, this court cannot properly consider this enumeration. *Palmer v. State,* supra at 481; *Hinton v. State,* supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 29, 1982.

*James D. Clark, Julie K. Fegley,* for appellant.
*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.