66922. NASWORTHY v. THE STATE.

POPE, Judge.
Dewey Carlton Nasworthy brings this appeal from the revocation of his probation. *Held:*
1. One of the conditions of appellant's probation was that he "not violate any State or Federal laws. . . ." The trial court based its revocation order upon appellant's having been charged "with the subsequent offenses of Disorderly Conduct, Creating a Disturbance in the City of Austell and Aggravated Assault in Cobb County." The state concedes that the offenses of disorderly conduct and creating a disturbance in this case were only violations of municipal law and, thus, could not provide a basis for the revocation of appellant's probation. See *Harrell v. State,* 162 Ga. App. 111 (2) (290 SE2d 213) (1982); see also *Huff v. McLarty,* 241 Ga. 442, 444 (246 SE2d 302) (1978); *Hinton v. State,* 127 Ga. App. 853 (2) (195 SE2d 472) (1973).
2. As to the offense of aggravated assault, appellant contends that there was no admissible evidence presented at the revocation hearing which authorized the revocation of his probation on this ground. The only evidence of aggravated assault was presented by the police officer who arrested appellant for violation of the municipal ordinances. The officer testified that in response to a telephone call, he proceeded to the home of appellant's ex-wife, arriving at approximately 3:55 a.m. Upon his arrival he discovered appellant's son standing in the carport, "highly disturbed, screaming, hollering." The officer then observed someone on the inside of the house run past the picture window in the front headed toward the bedroom area. Appellant's son told the officer that appellant was intoxicated. The officer proceeded into the house where he found appellant's ex-wife "highly upset . . . very distraught, crying and whatnot." Appellant became very belligerent and was cursing; the officer had to separate

appellant and his son. The ex-wife explained that appellant had come to the house intoxicated and had created a disturbance. When his son asked appellant to leave, a fight had ensued. The ex-wife told the officer that appellant had had a gun which he had pointed at her and fired in the house. She also told the officer that appellant had chased his son up the street with the weapon. The son stated, "He tried to kill me." Although appellant was not armed when the officer arrived in the house, the ex-wife led the officer to a bedroom where he found a .22 magnum revolver. The gun had been recently discharged twice. Because appellant continued to curse and holler, the officer placed him under arrest for disorderly conduct, creating a disturbance. The officer also noticed that several potted plants had been overturned in the hallway of the house, and the ex-wife's housedress had been torn at the sleeve.

Appellant's objection to the preceding testimony was directed to its hearsay nature, i.e., the recitation of what appellant's ex-wife and son told the officer after his arrival at the scene. The trial court admitted the evidence pursuant to the res gestae exception to the general rule excluding hearsay. Appellant assigns error to this ruling.

"In determining whether a statement is a part of the res gestae it must . . . be determined whether it is subject to the objection of afterthought. In ascertaining this the time between the occurrence and the statement, the circumstances under which the statement was made, and the character of the statement itself are all matters to be considered. No arbitrary time can be fixed which will settle the question. No general rule can be laid down as to the circumstances. And while as a general rule that which is mere narrative is apt to carry with it the impress of afterthought, there may be a narrative which is entirely free from afterthought. [Cit.] Therefore where the statement is narrative in its nature and not exclamatory, the character of the statement may or may not determine the question according to the circumstances of the particular case." *Southern R. Co. v. Brown,* 126 Ga. 1, 3-4 (54 SE 911) (1906); see OCGA § 24-3-3 (Code Ann. § 38-305); see also *Standard Oil Co. v. Reagan,* 15 Ga. App. 571 (2) (84 SE 69) (1915). "So declarations must be contemporaneous with the main fact, but need not be precisely concurrent in point of time [;] it is sufficient if such declarations spring out of the transaction, if they elucidate it, if voluntary and if made at such time as reasonably to exclude the idea of design. Inquiry is rather into events than into the precise time which has elapsed. [Cits.]" *Aetna Life Ins. Co. v. Jones,* 80 Ga. App. 472, 479 (56 SE2d 305) (1949); *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 774-7 (12 SE 18) (1890). "The mere fact that the statement was elicited by an inquiry does not of itself necessarily deprive it of its characteristic of spontaneity prerequisite for its

admission." *United Motor Freight Terminal Co. v. Hixon,* 77 Ga. App. 506, 510 (48 SE2d 769) (1948).

A trial court's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant consideration by the trier of fact will not be disturbed on appeal unless that determination is clearly erroneous. *Andrews v. State,* 249 Ga. 223, 228 (290 SE2d 71) (1982). Applying this standard to the circumstances in this case, and in light of the foregoing legal authority, we cannot conclude that the trial court's determination that the testimony complained of was a part of the res gestae was clearly erroneous. See *Haralson v. State,* 234 Ga. 406 (3) (216 SE2d 304) (1975); *Lingo v. State,* 226 Ga. 496 (3) (175 SE2d 657) (1970); *Monday v. State,* 32 Ga. 672 (3) (79 Am. Dec. 314) (1861); *Pruitt v. State,* 164 Ga. App. 247 (2) (296 SE2d 795) (1982); *Bunn v. State,* 144 Ga. App. 879 (2) (243 SE2d 105) (1978); *Salleywhite v. State,* 133 Ga. App. 170 (1) (210 SE2d 334) (1974); see also *Williams v. State,* 11 Ga. App. 662 (75 SE 988) (1912).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*John O. Ellis, Jr.,* for appellant.
*Michael M. Sheffield, Assistant District Attorney,* for appellee.