## 67084. HARP v. THE STATE.

CARLEY, Judge.

Appellant, a probationer, violated the terms of his probation by committing a subsequent offense. A revocation hearing was held, and appellant was ordered to serve the remainder of his sentence at the Cobb Diversion Center. The court's revocation order, which was signed by appellant and by his attorney, expressly required appellant to obey the rules and regulations of the Diversion Center. When appellant entered the Center, he was fully advised as to those rules and regulations, and he signed an acknowledgment that he understood them. Thereafter, appellant' violated two of the rules by leaving the Center premises without permission and by possessing alcoholic beverages while at the Center. Another revocation hearing was held, and appellant was ordered to serve the remainder of his sentence in the state prison system. He appeals.

1. Appellant asserts that the trial court erred in revoking his probation on the basis of his violating the rules and regulations of the Diversion Center. Appellant contends that he was not properly informed of the conditions of his probation, because he was not apprised of the rules and regulations of the Center when sentence was pronounced at his first revocation hearing.

"It is true that to expect a probationer to abide by terms and conditions of which he has no knowledge would be an

unconstitutional deprivation of due process. [Cit.]" *Shaw v. State,* 164 Ga. App. 208, 209 (296 SE2d 765) (1982). " 'To deprive a defendant of his liberty upon the theory that he has violated rules and regulations prescribed in his sentence, when no rules, regulations, conditions, limitations, or restrictions were imposed by such sentence, would deprive the defendant of "due process of law." . . .' [Cits.]" *Hinton v. State,* 127 Ga. App. 853, 854 (195 SE2d 472) (1973). In the instant case, however, appellant received adequate notice of the particular conditions of his sentence. The written order of the court, which was issued in appellant's presence at the end of his revocation hearing, expressly provided that appellant shall enter the Cobb Diversion Center and "shall obey their rules and regulations." Appellant's signature on that order, which was preceded by the words "consented to," clearly indicated his acknowledgment of its terms. Even though the order did not itself specify what the rules and regulations of the Diversion Center were, there was other undisputed evidence that appellant was fully apprised of those rules promptly upon his admission to the Center. Moreover, appellant's own conduct in climbing the fence surrounding the Center and in secreting the beer he obtained evidenced his awareness that he was violating the rules. His activities were not illegal in themselves, and if he did not know that his conduct was prohibited by Center regulations, his behavior was unnecessarily surreptitious. Compare *Shaw v. State,* supra.

Appellant in the instant case was adequately informed of the conditions of his probation, and the trial court did not err in revoking his probation upon his failure to comply therewith. Compare *Harrell v. State,* 162 Ga. App. 111 (290 SE2d 213) (1982), wherein the appellant's probation was not conditioned upon his compliance with the rules and regulations of the Diversion Center.

2. Appellant next enumerates as error the trial court's admission into evidence, over timely objection, of a document comprising the rules and regulations of the Cobb Diversion Center. Appellant contends that no foundation was laid for the admission of the writing, inasmuch as it was not properly authenticated. He further contends that the exhibit in issue was merely a copy, and thus was not the best evidence of the rules and regulations contained therein.

The document was introduced in conjunction with the testimony of Mr. Krusenberry, the assistant director of the Cobb Diversion Center, who identified it as a "copy" of the Center's rules and regulations. He testified that these rules had been in existence since the Diversion Center program began, and that these were the rules which he had read and explained to appellant when appellant

had entered the Diversion Center.

We find that the document was adequately authenticated. "[T]he witness introducing [the exhibit] showed sufficient familiarity with [it] and [its] sources and no attempt was made to show otherwise[,] so that we cannot say the trial court abused its wide discretion in admitting [it]. [Cit.]" *McLoon v. Amoco Oil Co.,* 155 Ga. App. 416 (271 SE2d 4) (1980). See generally *Niehaus v. State,* 149 Ga. App. 575 (254 SE2d 895) (1979); *Johnston v. State,* 232 Ga. 268 (206 SE2d 468) (1974); *Adams v. State,* 142 Ga. App. 252 (235 SE2d 667) (1977).

As to the "best evidence" objection, since Mr. Krusenberry identified the document as the rules and regulations of which he had previously apprised appellant, the exhibit was admissible as primary, rather than secondary, evidence. See *Montgomery v. State,* 154 Ga. App. 311 (268 SE2d 723) (1980). See also *Strickland v. Foundation Life Ins. Co.,* 129 Ga. App. 614 (200 SE2d 306) (1973). Moreover, even viewing the document as a copy, or secondary evidence, there was no manifest abuse of discretion by the trial court in admitting it. The function of the trial court in such a situation would be "to determine whether what [was] offered as evidence [was] the best form accessible to the court. [Cit.]" *Mulkey v. State,* 155 Ga. App. 304, 307 (270 SE2d 816) (1980). "In this case there [was] no contention of fraud and there [was] no dispute as to the contents of the document . . . The document was shown to counsel and he was permitted to cross-examine [Mr. Krusenberry]." *Adams v. Wright,* 162 Ga. App. 550, 554 (293 SE2d 446) (1982). We find no reversible error. See generally *Tabb v. State,* 250 Ga. 317 (5) (297 SE2d 227) (1982).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 1, 1984.

*J. Alfred Johnson, Mike Treadaway,* for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.