### A99A0850. IN THE INTEREST OF B. K., a child.
### A99A0851. IN THE INTEREST OF R. K., a child.
(522 SE2d 255)

McMURRAY, Presiding Judge.

The children, B. K. and R. K., age 14 (and apparently twins), were adjudicated delinquent by the Juvenile Court of Troup County for being outside their residence past their probationary curfew without their probation officer's permission, allegedly in violation of OCGA § 15-11-2 (6) (B). At their joint hearing, Kenneth Kennedy, probation officer, testified that on the evening of October 21, 1998, he was performing curfew checks. He went by the home of B. K. and R. K. about "9:50 p.m., and the two·[children] were not home." On the

way to the home of the children's aunt, Probation Officer Kennedy "saw [B. K.] walking home up by Callaway Monument." Returning to the children's residence, R. K. still "was not at home." Probation Officer Kennedy then visited the restaurant where the children's mother worked and left B. K. in her care. The next day, Probation Officer Kennedy went to the Alternative School and "spoke with [R. K., who] was honest with [the officer]. [R. K.] said, 'I was just walking around.'" For the delinquent act of violating probation, the juvenile court revoked a suspension of disposition to serve 90 days and committed B. K. to the Department of Juvenile Justice for 90 days. For the delinquent act of violating probation, R. K. was placed on (further) probation under the supervision of Kenneth Kennedy, subject to some special conditions, and further subject to "the same terms and conditions of probation as previously ordered by this court." From these dispositional orders, separate notices of appeal were filed, and each child urges only the general grounds in identical enumerations of error. The two appeals are hereby consolidated for decision. *Held*:

In each case, the child contends the evidence is insufficient to authorize an adjudication of delinquency, because no prior court order was ever tendered into evidence, showing either child was under probation and subject to a curfew. We agree and reverse.

Neither child was alleged to be delinquent under OCGA § 15-11-2 (6) (A) for committing an act designated as a crime. Rather, the petitions refer to acts in disobedience to the terms of court-ordered supervision, expressly invoking OCGA § 15-11-2 (6) (B). Georgia's Juvenile Court Code provides greater procedural protections to the child than those mandated in criminal proceedings, and so consequently, "juvenile revocation of probation proceedings [are] not [completely] analogous to adult probation revocation hearings." *K. E. S. v. State of Ga.*, 134 Ga. App. 843, 846 (1) (A) (216 SE2d 670). For purposes of this appeal, we assume without deciding that the petitioner probation officer's burden of proof is a mere preponderance of the evidence, as employed in adult probation revocations under OCGA § 42-8-34.1 (a), rather than the "beyond a reasonable doubt" standard required for delinquencies based upon the commission of acts designated as crimes. See *In the Interest of T. S.*, 211 Ga. App. 46 (2) (438 SE2d 159). Nevertheless, the evidence of record fails to prove any prior adjudications of delinquency and related dispositions of probation and the terms thereof.

"The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." OCGA § 24-5-4 (a). The requirement that a prior adjudication of delinquency and any disposition, like "a prior conviction[,] be proved by a certified copy is an application of the 'best evidence' rule. . . .

[Cits.]" *McIntyre v. State*, 266 Ga. 7, 10 (4) (463 SE2d 476). The children expressly objected to the absence of competent evidence to prove probation and curfew. In the absence of competent proof that either child was subject to court-ordered probation and to a defined curfew as a term of that probation, we are bound to hold the evidence is insufficient to support the juvenile court's adjudication of delinquency for probation violation as authorized by OCGA § 15-11-2 (6) (B). Compare *Harp v. State*, 169 Ga. App. 670 (1) (314 SE2d 686).

*Judgments reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 7, 1999.

*William L. Jones*, for appellants.
*Peter J. Skandalakis, District Attorney*, for appellee.