## A09A1942. OGLESBY v. THE STATE.
### (688 SE2d 384)

PHIPPS, Judge.

Timothy Thomas Oglesby was indicted on one count of felony theft by receiving and two counts of burglary (with the intent to commit a theft). Pursuant to guilty plea negotiations, the felony theft count was nolle prossed, the two burglary charges were reduced to felony theft by taking, and Oglesby pled guilty to those two counts of felony theft. Pro se on appeal, Oglesby contends that the two felony sentences he received are void. "A sentence is void if the court imposes punishment that the law does not allow."[1] Because Oglesby has not shown that either sentence is not allowed, we affirm.

Oglesby argues that the trial court was authorized to impose only misdemeanor sentences, asserting that the state failed to prove that the value of the property at issue exceeded $500. In an attempt to support his argument, Oglesby relies upon the proposition: "Generally, OCGA § 16-8-12 [which proscribes theft by taking] punishes all thefts as misdemeanors unless certain aggravating circumstances are shown. One such aggravating circumstance is that the stolen property 'exceeded $500.00 in value.' "[2]

Under that proposition, the state would have had to prove such

---

[1] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

[2] *Hammett v. State*, 246 Ga. App. 287, 290 (3) (539 SE2d 193) (2000), quoting OCGA § 16-8-12 (a) (1).

value at a trial to support a felony sentence.[3] But Oglesby's felony sentences do not stem from a trial. Rather, the sentences stem from a negotiated agreement to tender guilty pleas to two counts of *felony* theft by taking, which "necessarily incorporates the defendant's voluntary admission of the existence of the factual element that the stolen property had a value greater than $500."[4] Accordingly, "there was a sufficient substitute for evidence of the actual value of the stolen property, so as to authorize the imposition of felony sentences."[5]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 11, 2009.

Timothy T. Oglesby, *pro se.*
*Ashley Wright, District Attorney*, for appellee.

---

[3] See *DuCom v. State*, 288 Ga. App. 555, 562 (3) (654 SE2d 670) (2007) (where state's trial evidence as to value was insufficient to support a felony theft conviction under OCGA § 16-8-12, the felony conviction was vacated and the case was remanded for misdemeanor sentencing); *Hammett*, supra.

[4] *Wharton v. Anderson*, 270 Ga. 22, 24 (2) (504 SE2d 670) (1998); see *Wright v. Hall*, 281 Ga. 318, 319 (1) (638 SE2d 270) (2006) (by pleading guilty, a defendant waives all defenses except that the indictment failed to charge him with a crime); *Cameron v. State*, 295 Ga. App. 670, 674 (4) (673 SE2d 59) (2009) (a plea of guilty generally waives all defenses except those based upon the knowing and voluntary nature of the plea, and once a defendant solemnly admits in open court that he is, in fact, guilty of the offense charged, he generally may not raise independent claims that occurred prior to the entry of his guilty plea).

