**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 30, 2015**

# In the Court of Appeals of Georgia

A14A2313. HARRISON v. THE STATE.

ANDREWS, Presiding Judge.

After the trial court granted the State's petition to revoke Richard Harrison's probation and revoked his probation in full for a period greater than eight years, this Court granted Harrison's application for discretionary appeal. Harrison argues on appeal that the trial court erred by revoking his probation for a period of time exceeding that authorized by OCGA § 42-8-34.1 (d) and by revoking his probation for behavior that did not violate a valid condition of probation. We conclude that under OCGA § 42-8-34.1 (d), the trial court was not authorized to revoke Harrison's probation for a period in excess of five years, and we therefore vacate the trial court's revocation order and remand for resentencing.

"A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). "Generally, this court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. However, we review questions of law de novo." (Citations and punctuation omitted.) *Dillard v. State*, 319 Ga. App. 299 (735 SE2d 297) (2012).

The record shows that in January 2009, Harrison entered a plea of guilty under *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970), to one count of child molestation. The trial court sentenced Harrison to five years incarceration and ten years probation. The trial court's sentence, filed January 5, 2009, contained a list of general conditions of probation, and a box appeared next to each condition so that the trial court could indicate with an x or some other mark which of the conditions applied. The first general condition on the list was that "[t]he defendant shall violate no laws of any governmental unit." The trial court did not mark that condition as applicable. On September 26, 2012, the trial court entered an order amending Harrison's probated sentence so that the conditions of probation included the general condition that he violate no laws of any governmental unit.

2

In March 2014, the State filed a petition to revoke Harrison's probation, alleging that Harrison violated the terms and conditions of probation by being arrested on or about February 26, 2014 for the new felony offense of theft by taking, as charged by the Columbia County Sheriff's Office, and by failing to pay court-ordered financial obligations. The State filed an addendum to the petition on April 14, 2014 alleging that Harrison violated the terms and conditions of probation by being arrested on or about February 26, 2014 for two counts of theft by taking and burglary, as charged by the Columbia County Sheriff's Office.

At the outset of the hearing on the revocation petition, the trial court recited the allegations in the petition and addendum and asked whether the allegations were admitted or denied. Harrison's counsel responded: "Judge, we would admit to the theft by taking count involving the theft of certain trailers. We deny the allegation that my client has committed burglary as a new offense. And we would also admit to failing to pay his financial obligations as directed."[1] The assistant district attorney then stated that in light of Harrison's admissions, she would concede for purposes of the hearing that she did not have sufficient evidence to prove burglary. Harrison's counsel then briefly described the circumstances surrounding the theft of the trailers,

_____

[1] The evidence showed that Harrison owed $473 in court fees.

3

stating that Harrison took two trailers off of someone's property when he should have known he did not have the right to do so. One of the trailers was "homemade" and "put together with set parts," and the other was a manufactured trailer with "substantial value." Harrison testified and admitted to taking the trailers. He testified that he sold the homemade trailer as scrap for about $200. An officer with the Columbia County Sheriff's Office testified that Harrison sold the other trailer to a neighbor for $400 but that law enforcement was able to recover it.

Despite her concession that she could not prove burglary, the assistant district attorney cross-examined Harrison about that alleged offense. Harrison stated that he was helping his fiancee move all of the furniture out of her father's home and that they took the hot water heater from the house because they noticed the lines had been cut and they were concerned someone was going to steal it. The Columbia County officer testified that the father of Harrison's fiancee had stated that he told his daughter he did not approve of her relationship with Harrison and that she should not take anyone with her to his house, which was in foreclosure. The officer admitted that Harrison's fiancee told him that she had asked Harrison to help her move items because he had a truck.

4

Following the hearing, the trial court entered an order revoking Harrison's probation in full for eight years, three months, and three days. The State's initial probation revocation petition was on a pre-printed form that included a space for the trial court to issue an order granting the petition. In the blank in which the trial court was to indicate the manner in which the terms and conditions of probation had been violated, the trial court wrote: "as set forth in petition."

1. Harrison argues, and the State concedes, that under OCGA § 42-8-34.1 (d), the trial court was not authorized to revoke his probation for a period of time greater than five years. We agree.

As an initial matter, Harrison maintains, and the State does not dispute, that the trial court's order finding that Harrison violated the terms and conditions of his probation "as set forth in petition" indicates that the trial court found that Harrison had committed the violations alleged in the initial petition – failure to comply with financial obligations and commission of one count of felony theft by taking – as opposed to the violations alleged in the addendum. The trial court entered its order on the initial petition and did not refer to the addendum. In addition, a contrary interpretation of the trial court's order would require us to conclude that the trial court found that Harrison committed the felony offense of burglary although the State

5

conceded that it could not prove that offense and did not do so. For example, the State offered no admissible evidence that Harrison was not authorized to enter his fiancee's father's house. See *Bell v. State*, 287 Ga. 670, 672-673 (1) (c) (697 SE2d 793) (2010) (reversing burglary conviction when evidence did not establish that defendant entered house without authority); OCGA § 16-7-1 (a). "The trial judge is presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon [her] by law. This court will not presume the trial court committed error where that fact does not affirmatively appear." (Citations and punctuation omitted.) *Matthews v. State*, 294 Ga. App. 836, 841-842 (4) (670 SE2d 520) (2008).

> Pursuant to OCGA § 42-8-34.1 (d):

> If the violation of probation . . . alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the felony offense constituting the violation of the probation.

The applicable sentence for theft by taking is governed by OCGA § 16-8-12 (a), which pertinently provides that a person convicted of that offense will

> be punished as for a misdemeanor except: (1) (A) If the property which was the subject of the theft exceeded $24,999.99 in value, by

imprisonment for not less than two nor more than 20 years; (B) If the property which was the subject of the theft was at least $5,000.00 in value but was less than $25,000.00 in value, by imprisonment for not less than one nor more than ten years and, in the discretion of the trial judge, as for a misdemeanor; (C) If the property which was the subject of the theft was at least $1,500.01 in value but was less than $5,000.00 in value, by imprisonment for not less than one nor more than five years and, in the discretion of the trial judge, as for a misdemeanor.

The State normally must prove the value of property that is the subject of a theft in order to support a felony sentence for theft by taking. *Oglesby v. State*, 301 Ga. App. 589, 590 (688 SE2d 384) (2009); see also *Schneider v. State*, 312 Ga. App. 504, 509 (4) (718 SE2d 833) (2011) (where State failed to prove value of taken items, trial court erred in sentencing defendant for a felony). It is undisputed that the State failed to prove the value of the trailers, separately or together, exceeded $1500.01 so as to justify a felony sentence. Here, however, Harrison concedes that, through his counsel, he admitted to one count of felony theft by taking in the trial court. This admission, similar to a guilty plea to felony theft by taking, constitutes a "sufficient substitute for evidence of the actual value of the stolen property," *Oglesby*, supra, 301 Ga. App. at 590 (footnote and punctuation omitted), authorizing the trial court to consider a felony sentence for theft by taking in ruling on the revocation petition. See also

7

*Cannon v. State* 260 Ga. App. 15, 17 (579 SE2d 60) (2003) (defendant waived challenge to sufficiency of evidence as to his wilfulness in failing to pay restitution as a special condition of probation where his attorney announced and led the trial court to believe that violation of restitution condition was uncontested).

As Harrison argues, consistent with the rule of lenity, see *Davis v. State*, 323 Ga. App. 266, 274-276 (8) (746 SE2d 890) (2013), the lowest range of punishment for felony theft by taking set forth in OCGA § 16-8-12 (a) (1) (C) should apply. The maximum felony sentence under OCGA § 16-8-12 (a) (1) (C) is five years. Therefore, under OCGA § 42-8-34.1 (d), the trial court was permitted to revoke the lesser of the balance of Harrison's probation or five years. The trial court erred in revoking Harrison's probation in full for a period in excess of eight years. See *Gibson v. State*, 279 Ga. App. 838, 840 (632 SE2d 740) (2006). Accordingly, we vacate the trial court's revocation order and remand for resentencing consistent with this opinion.

2. Harrison argues that the trial court violated his constitutional rights by amending his sentence to impose the general condition of probation that he not violate any laws.

a. Harrison argues that he received no notice that his sentence was amended and a new general condition added, and that his due process rights were violated as

a result. Harrison did not assert a lack of notice in the trial court and has therefore waived this issue. See *Couch v. State*, 246 Ga. App. 106, 108 (3) (539 SE2d 609) (2000); *Shaw v. State*, 164 Ga. App. 208, 209 (2) (296 SE2d 765) (1982).

b. Harrison also maintains that the subsequent imposition of the general condition of probation that he not violate the laws of any governmental unit violated the constitutional protection against double jeopardy. While Harrison did not raise this argument in the trial court, a modified sentence imposed in violation of the Fifth Amendment's prohibition against double jeopardy is void. See *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990); *Inman v. State*, 124 Ga. App. 190, 192-193 (1) (183 SE2d 413) (1971). "[A] void sentence in law amounts to no sentence at all," and, as such, "a void sentence may be so held in any court where it becomes material to the interest of the parties to consider it, regardless of a lack of objection in the trial court." (Citation and punctuation omitted.) *Phillip v. State*, 313 Ga. App. 302, 302-303 (721 SE2d 214) (2011).

Under OCGA § 17-10-1 (a) (5) (A), the trial court "retain[s] jurisdiction throughout the period of the probated sentence." OCGA § 42-8-34 (g) provides that the trial court may, "in any manner deemed advisable by the judge, modify or change the probated sentence . . . at any time during the period of time prescribed for the

9

probated sentence to run." "This statutory authority may be limited, of course, by constitutional requirements." *Stephens v. State*, 289 Ga. 758, 764 (2) (b) (2) (716 SE2d 154) (2011). The double jeopardy clause of the Fifth Amendment prevents a court from increasing a defendant's sentence after the defendant has begun to serve it "where doing so would upset the defendant's legitimate expectation of finality in his sentence." (Citation and punctuation omitted.) Id.

Assuming that Harrison had a legitimate expectation of finality in his sentence, the addition of the general condition that he not violate the laws of any governmental unit did not constitute an increase in punishment in violation of double jeopardy principles.

> A change in the conditions of probation is not necessarily an increase in sentence. For example, an addition which is clearly and completely rehabilitative does not constitute an additional punishment. It is future-oriented, aimed wholly at effecting future positive behavior, rather than retrospective, principally extracting a price for past negative behavior.

*Staley v. State*, 233 Ga. App. 597, 599 (505 SE2d 491) (1998); see also *Gould v. Patterson*, 253 Ga. App. 603, 604 (2) (560 SE2d 37) (2002) (modification of terms of probation to require sex offender treatment "was clearly rehabilitative, so it cannot

be construed to constitute the imposition of additional punishment or an impermissible increase in the sentence."). A condition of probation requiring compliance with the law is rehabilitative, not punitive, in nature. See *Inman*, supra, 124 Ga. App. at 194 (2) (certain conditions of probation, including condition that a defendant violate no penal laws, "are believed to directly affect the probationer's . . . tendency to either further anti-social behavior or rehabilitation."). Such a condition simply encourages lawful conduct and requires of a defendant only what is expected of all citizens. Accordingly, the subsequent imposition of the condition requiring compliance with the law did not violate Harrison's rights under the double jeopardy clause of the Fifth Amendment.[2]

*Judgment vacated and case remanded with direction. McFadden and Ray, JJ., concur*.

---

[2] *Hinton v. State* 127 Ga. App. 853 (195 SE2d 472) (1973), is distinguishable. In that case, the trial court imposed a condition similar to the one at issue here in a written sentence although its earlier oral sentence, which stated that the defendant's sentence was suspended but included *no* conditions, constituted an unconditional discharge. Id. at 853-854 (2) No unconditional discharge occurred in this case.